BABBETT, (D'WOLF v.) See Case No. 4,220.

---

## Case No. 693.

### BABBITT v. BURGESS.

[2 Dill. 169; [1] 7 N. B. R. 561; 5 Chi. Leg. News, 326.]

Circuit Court, E. D. Missouri. March, 1873.

BANKRUPT ACT — RIGHT OF ASSIGNEE TO SUE — PAYMENT TO DEBTOR AFTER BANKRUPTCY — TECHNICAL OBJECTIONS UNAVAILING IN APPELLATE COURT — PROCEDURE WHERE SEVERAL DEFENDANTS RESIDE IN DIFFERENT DISTRICTS OF THE SAME STATE.

1. An assignee in bankruptcy may sue on a written contract entered into between the bankrupt and the defendant, to recover a debt alleged to be due the bankrupt thereunder.

---

[1][Reported by Hon. Thomas Bee, District Judge.]

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

2. Such a cause of action is not local.

3. Payments made mala fide to a debtor after a petition in bankruptcy is filed against him, are void.

4. Whether payments under all circumstances made to such a debtor are void, quaere?
[See Howard v. Crompton, Case No. 6,758.]

5. Mere technical objections taken for the first time in the appellate court are unavailing. Judiciary Act, § 32. [1 Stat. 91,] applied.

6. The act of May 4, 1858, (11 Stat. 272,) prescribing the mode of procedure where there are several defendants residing in different districts of the same state, construed and applied.

At law. This is a writ of error to United States district court for the western district of Missouri.

It appears from the record in this case that the plaintiff is assignee of Bowman, also of Miller, and of Miller & Co.; the copartnership being composed of Bowman and Miller. On the 9th of March, 1868, Bowman was adjudged bankrupt, and thereafter Vose was duly appointed assignee of said Bowman. In June following, said Vose, as said assignee, filed a bill in equity praying for an injunction to restrain this defendant and the Atlantic & Pacific Railroad Company from paying to Miller any money due to said Miller on account of work done for said railroad, and to restrain said Miller from receiving the same. An injunction was granted and served June 17, 1868, on the defendant and the company. In July following, proceedings in bankruptcy were commenced against Miller, and Miller & Co., and on the 31st of August, 1868, said Burgess, the defendant, paid to Miller a certain sum of money due to said Miller from the defendant—the amount paid being seventy-five per cent. of the amount due. In December, 1868, Miller, and Miller & Co., were adjudged bankrupts in the course of the proceedings commenced against them in July preceding.

Subsequently, Vose resigned his assignee-ship; Babbitt was duly appointed his successor, and Vose executed in due form the assignment to Babbitt. The latter, on motion to the court, was substituted for Vose, assignee of Miller, as plaintiff in this cause—this cause having been originally commenced by Vose, when he was assignee, to recover of defendant what was alleged to be due from him to Miller, the bankrupt. After that substitution was made, Babbitt, by leave, filed an amended declaration.

The subsequent proceedings appear in the opinion of the court. [Judgment for plaintiff.] The defendant sued out the writ of error that brings the cause to this court. [Affirmed.]

A. H. Bereman, for plaintiff in error.
N. Meyers, for defendant in error.

Before DILLON, Circuit Judge, and TREAT, District Judge.

TREAT, District Judge. After the amended declaration was filed, the defendant moved to dismiss the suit on the ground that "the assignee of Miller & Co. cannot maintain a suit as assignee of Miller," which motion was overruled and an exception thereto saved.

That motion was properly overruled, as is manifest, not only from the record, but from the course of proceedings in those bankrupt cases which involve both private and copartnership estates. In these proceedings, then, Bowman was adjudged a bankrupt on his own petition in March, and therefore his interest in the copartnership assets passed to Vose, his assignee. In July a petition was filed against Miller, and also against the copartnership of Miller & Co., and both Miller and the copartnership of Miller & Co. were adjudged bankrupt, and Vose became the assignee of Miller, and also of Miller & Co. Thus, Vose was originally, and the present plaintiff, as his successor, is now assignee, not of Bowman alone, but also of Miller & Co. and of Miller. As assignee of Miller, therefore, he could maintain the suit against defendant on the written contract between Miller and defendant. The motion to dismiss was founded on an error of fact as well as a misapprehension of the relative position of the parties.

The next step by defendant was the filing of a plea to the jurisdiction, which plea was heard and overruled. No exception to the action of the court in that matter was taken; and the plea was evidently bad on its face. It set out that the cause of action occurred out of the district, and that the defendant resided out of the district; but the cause of the action was not local, nor was it averred that the defendant was not found and served within the district.

Thereupon defendant filed his plea to the merits, setting up payment to Miller of all that was due him, on the 12th of May, 1868, and prior to any proceedings in bankruptcy against either Miller or Miller & Co., or rather the delivery of the following order to Miller and the receipt of the same by Miller in satisfaction of all due the latter:—

"Contractor's Office, S. W. P. R. R., Rolla, Mo., May 12, 1868. To the commissioners appointed under the law passed by the general assembly, March, 1868, for settlement of claims for work done and materials furnished: Please pay E. Miller $3,607 7-100, being the amount due him on a full and final settlement of his accounts as sub-contractor on sections 7 and 8 west of the Gasconade river, on the line of the Southwest Pacific Railroad. [Signed] E. Burgess & Co., Contractors.

"I acknowledge the above to be a just and final settlement of my account with E. Burgess & Co., contractors. [Signed] E. Miller."

To the pleas of the defendant, plaintiff filed a replication, to which there was a rejoinder. When Vose was assignee, he and defend-

ant's counsel entered into a written agreement of the facts, in order to avoid taking unnecessary depositions. That agreement was an express admission that on the 17th of June, 1868, Burgess owed to Miller, for work under his sub-contract, the sum of $3,607 7-100, that sum being the true balance due at that time. During the trial, a copy of a notice addressed to plaintiff's attorneys and signed by the attorneys for the defendant, was offered, it being to the effect that the defendant withdrew said written admission, and would object to the reading of the same in evidence at the trial. The transcript does not show that the notice was previously served on plaintiff's attorneys, nor what action, if any, was taken by the court with reference to it. So far as can be inferred, the court did not hold the defendant to his written admission, for the order on the commissioners and the receipt of defendant therefor, above recited, were received in evidence: and also the oral testimony of the defendant and of his bookkeeper, the latter of whom says he personally made the settlement of May 12, 1868, with Miller. It is thus evident that the defendant had the full benefit of all he claimed. His own testimony is, that he delivered the order of May 12 to Miller in payment of the demand due, and then on August 31, 1868, bought it of Miller at seventy-five cents on the dollar. As to the weight of testimony, and the general finding for plaintiff (this case having been tried without a jury, and no question of law having been saved with respect thereto), the case of Norris v. Jackson, 9 Wall. [76 U. S.] 125, is decisive. This court cannot on a writ of error go behind that general finding to inquire into the weight or sufficiency of the evidence. It is apparent, however, from the transcript, that the order and receipt (so called) of May 12th, 1868, did not amount to an accord and satisfaction. It was an accord, but not satisfaction. It is also evident that neither party regarded it as full satisfaction or payment, for the order remained dishonored as late as August 31, 1868, when defendant says he bought it at seventy-five cents on the dollar. It is probable, therefore, that the district court rightly concluded that the defendant, after he had full knowledge of the pending proceedings in bankruptcy against Miller, and while the injunction was in full force, did make payment to the latter, in fraud of the bankrupt act; and consequently the payment was void. It is not necessary for this court to take the extreme position held by the supreme court of Pennsylvania, [Mays v. Manufacturers' Nat. Bank, 64 Pa. St. (14 P. F. Smith,) 74,] [2] and rule that all payments made to a debtor, after a petition filed against him in bankruptcy, are to be adjudged void, if the debtor is subsequently declared bankrupt. This court, however, holds that payments thus made mala fide, or with

a view of defeating the bankrupt act in any of its essential requirements, are void, and the person by whom such payment was made can be held to answer for the original demand to the assignee, whose title relates to the day of commencing proceedings in bankruptcy. It may have been, therefore, that the district court reached the conclusion, from the evidence, that the payment by the defendant in August was mala fide and in fraud of the law. And it may be that it was with reference to the mala fides that it permitted the injunction record to be received in evidence, which fact forms the principal ground insisted upon for a reversal. The injunction order, and its service on defendant, tended to show that he had notice, not only of the demand of Bowman's assignee, but of the nature of that demand upon the money due, and also of the then contemplated proceedings in bankruptcy against Miller. If that was the view of the court, the admission of that record was competent, and this court has no means, from the transcript here, to discover anything to the contrary.

As to the objections taken here for the first time, on mere technical grounds, to the pleadings, it must suffice, even if they constituted good causes for a special demurrer (which this court does not admit), that inasmuch as no special demurrer was filed in the district court, the thirty-second section of the judiciary act [1 Stat. 91] forbids us to notice them. That section is very broad and very liberal, and has been held to authorize such amendments to be made, even in the appellate court. Its design is to promote the early, just, and legal determination of matters in controversy. Parties litigant should, if they so desire, interpose their technical objections in the court below, and if they do not, they ought not to be heard for the first time in the appellate court upon such points, especially where it is obvious that the judgment was such as the law and facts demanded. It subserves no good or lawful end to have a right judgment reversed and litigation prolonged, when the appellant has no substantial or meritorious objection to urge—when the technical points presented, it is clearly evident, could not, however decided in the court below, have prejudiced his rights in any way. Loose pleading and practice are to be discouraged; but where the right to amend is liberal, technical and formal defects should be urged, in order that they may be corrected in the court of original jurisdiction. Such defects are no ground for reversal of a judgment here.

The objections interposed to the admission of the injunction record, and the argument of appellant's counsel, overlooked entirely the enactment of congress, of May 4, 1858, (11 Stat. 272.) This act prescribes, inter alia, the mode of procedure where several defendants reside in different districts in the same state. The service of the injunction order on defendant in the eastern district was correct.

[2] [See note at end of case.]

and in strict conformity with this act of congress. All, therefore, which is in the transcript by way of objection to jurisdiction in the injunction suit, on account of the residence of the defendant and of the place of service, were not well taken. There were three defendants to the injunction suit, and it was stated in the bill that Miller resided in the western district and defendant in the eastern district, and the return to the order shows that they were served in their respective districts, as the act of congress required.

When this case was here before, the record did not disclose the condition of the injunction suit, and we held the proceedings in that suit to be inter alios acta. The present transcript shows that suit to have been substantially between the same parties, and to have been conducted as the act of congress required; therefore there was no error in admitting that record in evidence.

Affirmed.

[NOTE. The ground of the ruling in Mays v. Manufacturers' Nat. Bank, 64 Pa. St. (14 P. F. Smith,) 74, was that the bankrupt act of March 2, 1867, (14 Stat. 517,) contained no express provision that payments made in good faith to a bankrupt after his assignment should be valid, and therefore all such payments must be invalid, for the assignment is constructive notice to all the world. But the act provides that the assignment shall relate back to the beginning of the proceedings, and consequently payments made after that time are void. This question was not involved in the decision, which was as follows: Property acquired by a bankrupt after his assignment is not subject to the proceedings in bankruptcy, and when it is deposited by the bankrupt in a bank, and paid out again on the bankrupt's checks before a discharge is granted him, the bank is not liable to the assignee for the amount so paid.]