MORRIS R. BROWN *vs.* CROOKSTON AGRICULTURAL ASSOCIATION.

March 1, 1886.

**Mortgage Foreclosure Sale—Second Mortgagee Entitled to Surplus.—A**
second mortgagee, in preference to the mortgagor, is entitled to receive
the surplus money arising from the foreclosure sale under a prior mortgage.

Plaintiff brought this action in the district court for Polk county and garnished one Zwickey, who disclosed that he had in his hands, as sheriff, the sum of $580.85 and that this sum was the surplus (after satisfying the mortgage debt) of the purchase-money received by him at a sale, on foreclosure by advertisement, of certain land of the defendant. One McKinnon appeared at the taking of the disclosure, and claimed the fund under a second mortgage, made by defendant, upon the same land. These facts were admitted, and an order was made by *Stearns, J.,* discharging the garnishee from the claim of the plaintiff, and directing that the money be paid to the claimant. From this order the plaintiff appeals.

*Wm. Watts,* for appellant.

*Pierce & Wilkinson,* for respondent.

DICKINSON, J. The owner of real estate executed, at different times, two mortgages upon it. Upon a statutory foreclosure sale, by advertisement, under the senior mortgage, the land was sold for a price which left a surplus in the hands of the sheriff after satisfying that mortgage. The only question necessary to be considered is as to

v.34M—35

whether the junior mortgagee or the mortgagor is entitled to receive that surplus, through the proper determination of the court. According to the well-established rule in such cases, the second mortgagee was entitled to the surplus, or to so much of it as might be necessary to satisfy his mortgage, in preference to the mortgagor. 2 Jones, Mortg. §§ 1688, 1929; *Buttrick* v. *Wentworth*, 6 Allen, 79; *Andrews* v. *Fiske*, 101 Mass. 422; *Cook* v. *Basley*, 123 Mass. 396; *Ballinger* v. *Bourland*, 87 Ill. 513; 2 Washb. Real Prop. 71. In the contemplation of equity, by the sale of the whole estate, under foreclosure proceedings affecting and binding the junior mortgagee, the land is converted into money, and this fund being treated as a substitute for the mortgaged estate, the lien of the junior mortgagee is transferred from the land to the surplus of the money arising from the sale. The rights of the parties, as they before existed, are not transposed by the sale, and the court will apply the fund in accordance with their rights as they existed in respect to the land. Jones, Mortg. § 1935; *Astor* v. *Miller*, 2 Paige, 68; *Bartlett* v. *Gale*, 4 Paige, 503; *Averill* v. *Loucks*, 6 Barb. 470; *De Wolf* v. *Murphy*, 11 R. I. 630; *Fry's Appeal*, 76 Pa. St. 82; *Douglass's Appeal*, 48 Pa. St. 223. See, also, *Fowler* v. *Johnson*, 26 Minn. 338, and authorities cited above.

This question was presented in *Ayer* v. *Stewart*, 14 Minn. 68, (97;) and, while not expressly decided, yet the opinion of the majority of the court, denying a right of recovery because a recovery was deemed barred by the statute of limitations, leaves it to be inferred that the right of the second mortgagee to the surplus was as we now declare it to be; and such was the expressed opinion of McMillan, J., who deemed the remedy not barred by the statute of limitations.

It is claimed, however, that this rule has been changed by Gen. St. 1878, c. 81, § 18, by the terms of which such surplus is required to be paid "to the mortgagor, his legal representatives or assigns." This statute was the same when *Ayer* v. *Stewart* was decided. The term "assigns" is of sufficiently broad signification to include the second mortgagee. To the word "assignment" this, among other definitions, has been given: "A transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein," (Bouv. Law Dict.;) and "assigns" has

been deemed to comprehend all those who take, either immediately or remotely, from or under the assignor, whether by conveyance, devise, descent, or act of law. *Baily* v. *De Crespigny*, L. R. 4 Q. B. 180, 186. In *Nopson* v. *Horton*, 20 Minn. 239, (268,) it was said that such a mortgagee might, for certain purposes, be properly regarded as an assign, this section of the statute being referred to as an illustration.

We discover no reason, in view of the very comprehensive meaning of the word "assigns," to suppose that this statute was intended to so change the established rule of equity, which was also recognized at law, as to exclude, in favor of the mortgagor, junior incumbrancers from sharing in the surplus proceeds of prior foreclosure sales.

Order affirmed.