NOE CUILERIER *vs.* GEORGE BRUNELLE and Wife, impleaded, etc.

June 13, 1887.

**Mortgage Foreclosure—Redemption by Junior Mortgagee—"Assign."**

A junior mortgagee is not an "assign" of the mortgagor, as the word is used in Gen. St. 1878, c. 81, § 13, nor entitled to redeem within the year from the foreclosure of a prior mortgage.

Appeal by plaintiff from an order of the district court for Polk county, sustaining a demurrer by defendants Brunelle and wife to the complaint, which alleges, in substance, the following facts: On March 28, 1881, one Hubert St. Arnault was the owner of two 80-acre tracts of land, and mortgaged them to Hammond and Bush, the mortgage being duly recorded on March 29, 1881. On March 29, 1881, St. Arnault sold and conveyed one of the tracts to Beausoliel, who mortgaged it to St. Arnault, the deed and mortgage being both recorded after the Hammond and Bush mortgage was recorded. Thereafter St. Arnault assigned the Beausoliel mortgage to plaintiff, who is the owner and holder thereof, and the same is unpaid and in default. In 1885 St. Arnault quitclaimed both tracts to the defendant Brunelle. Default having been made in the payment of the Hammond and Bush mortgage, it was duly foreclosed by advertisement, the sale being made on February 2, 1885. On February 1, 1886, "the plaintiff, by virtue of the mortgage assigned to him by said Hubert St. Arnault as aforesaid, duly redeemed the premises from said foreclosure sale, by paying to the said sheriff of Polk county the amount due on said certificate of sale, with interest and legal fees; and said sheriff thereupon duly made, executed, and delivered to the plaintiff a certificate of redemption of said premises in due form of law." Upon these facts the plaintiff asks that he be subrogated to the rights of Hammond and Bush under their mortgage, and that the premises be sold to satisfy and pay the amount paid by the plaintiff for such redemption, and the amount due and unpaid on the second mortgage.

*Cromb & Wilkinson,* for appellant.

*John M. Boyle,* for respondents.

GILFILLAN, C. J.[1]   One St. Arnault owned two 80-acre tracts and executed a mortgage thereon to Hammond and Bush, and then conveyed one 80 to Beausoliel, who executed a mortgage thereon to St. Arnault.   The latter assigned this mortgage to plaintiff.   Hammond and Bush foreclosed their mortgage, the two pieces being sold as one tract, for one gross sum, to Bush.   Within the year from the time of the sale, plaintiff assumed to redeem from the sale by virtue of his mortgage, and paid the proper amount to the sheriff, who executed to him a certificate of redemption, dated within the year.   It does not appear that any notice of intention to redeem was filed, or that the purchaser received the money.   After the conveyance of the 80 to Beausoliel, St. Arnault conveyed by quitclaim deed both 80's to the defendant Brunelle.

The effect of the assumed redemption, and its consequences to the rights of plaintiff and Brunelle, are in question.   Before any other matter can be considered it must appear that there was a redemption; for if there was no valid and legal redemption, the attempt to make one could affect no one.   Both of the parties assume that there was a valid redemption; that the plaintiff was an "assign," within the meaning of Gen. St. 1878, c. 81, § 13, and therefore might redeem within the year, and by so doing annul the sale.   In this the parties are wrong.   After foreclosure under the power in a mortgage, the only right of redemption by act of the parties is that which the statute provides; and it must be exercised within the time and in the manner, and it has the effect therein prescribed.   *Dickerson* v. *Hayes*, 26 Minn. 100, (1 N. W. Rep. 834.)

The statute divides the parties, to whom it reserves a right of redemption, into two classes: *First.* "The mortgagor, his heirs, executors, administrators, or assigns."   These may redeem within 12 months after the sale.   No notice is required from them of intention to redeem, (section 13, chapter 81,) and the redemption annuls the sale, (section 15.)   *Second.* Creditors having liens, legal or equitable, on the real estate, or some part thereof, subsequent to the mortgage foreclosed, who shall within the year file notice of intention to re-

---

[1] Berry, J., took no part in the decision of this case.

deem. Section 16. These have the right to redeem in the order of priority of their respective liens; the first having five days after the year expires in which to do so, and each subsequent one five days after the time allowed all those prior to him. Id. A redemption by one of these does not annul the sale, but appropriates the benefit of it to the party thus redeeming, so far as there may be any excess of value in the property beyond what it costs him to make redemption. The certificate of redemption operates as an assignment to him of the right acquired under the sale. Section 15. When this general plan of the statute is considered, it would seem improbable that it intends that one person may, by reason of the same claim of right to redeem, —as, for instance, upon a lien,—belong to both of these classes, and have, as it were, an election in which he will place himself for the purpose of redeeming. It seems more reasonable that it intends to place those described in one or other of the classes according to their relation to the property sold, placing in the first those having the legal title, or representing the legal title,—as the mortgagor or owner, his grantee or one holding title from him, or his heirs, if he be dead, or his executors or administrators, as interested, for the purposes of administration, in the title; and in the other those who have no title, but merely liens, such as subsequent mortgagees and judgment creditors.

The word "assigns," as used in section 13, certainly must include grantees of the mortgagor, and those acquiring his title otherwise than by descent. But there is no reason to give it a larger meaning, certainly not a meaning that would make it include any of those placed by section 16 in the second class of redemptioners. A word in a statute or contract must often be construed, not only in view of its context and its associate words, but of the subject-matter. The word "assigns" occurs again in section 18, which provides that, on foreclosure under the power, if there be any surplus after paying the mortgage foreclosed, the tax, and costs, it shall be paid on demand "to the mortgagor, his legal representatives or assigns." To give to the word "assigns," as here used, a restricted meaning, would make the section change the equitable rule which, upon a sale of the property under a prior lien, transfers a junior lien from the property to the

74 MINNESOTA REPORTS.

surplus, as a substitute for the property, and entitles the junior lien-holders to be paid out of such surplus. Rather than conclude that the legislature intended to abrogate so just and salutary a rule, the court, in *Brown* v. *Crookston Agricultural Ass'n*, 34 Minn. 545, (26 N. W. Rep. 907,) gave to the word as used in that section a signification broad enough to include junior mortgagees. No such reason exists for giving it so broad a signification in section 13. On the contrary, the subject-matter of sections 13 and 16, as well as the context of the word in the former section, suggests a more restricted meaning to the word,—one that excludes the persons mentioned in section 16.

We conclude, then, that a mere lien creditor cannot redeem within the year, and that plaintiff's attempt was abortive. The facts stated in the complaint do not call on us to decide what would be the effect of such an attempt, if the purchaser should actually receive the money, nor whether, when it will interfere with the rights of no one else, he may waive the objection that the attempt to redeem was premature.

Order affirmed.