M. E. FULLER and another *vs.* S. A. LANGUM and others.

June 13, 1887.

**Mortgage Foreclosure — Surplus on Sale — Junior Mortgagee—"Assign."**—On a foreclosure by advertisement of a mortgage on real estate, a junior mortgagee is an "assign" of the mortgagor within Gen. St. 1878, c. 81, § 18, so as to be entitled, on demand, to have his mortgage paid out of the surplus, so far as it will suffice; following *Brown* v. *Crookston Agricultural Ass'n*, 34 Minn. 545.

**Same—Sheriff—Liability for Payment of Surplus to Mortgagor.**—An officer making sale on foreclosure of such senior mortgage, and receiving the surplus knowing of such junior mortgagee's right, who immediately pays the surplus to the mortgagor, becomes liable to the junior mortgagee.

**Same—Evidence.**—Facts held sufficient to sustain a finding that the officer knew of the junior mortgagee's right.

Appeal by defendants from an order of the district court for Fillmore county, *Farmer*, J., presiding, refusing a new trial. The action was brought on the official bond of defendant Langum, as sheriff.·

*Gray & Thompson* and *N. Kingsley,* for appellants.

*H. R. Wells,* for respondents.

GILFILLAN, C. J.   One Duxbury executed to the Edinburgh American Land Mortgage Company a mortgage on certain real estate, and to plaintiffs a subsequent mortgage on the same real estate.   Plaintiffs' mortgage was foreclosed by action, and in such foreclosure the defendant Langum, sheriff of the county, sold the real estate under the decree, the plaintiffs purchasing.   He prepared and made the report of sale, procured and filed the order of confirmation, made to plaintiffs his certificate of sale, and personally procured it to be recorded.· There was no redemption.   A little more than three months afterwards the prior mortgage was foreclosed by advertisement, said defendant, as sheriff, acting as auctioneer at the sale.   On the sale there was paid into his hands as the price a sum which left a surplus of some $1,100, after satisfying such prior mortgage.   He immediately paid this surplus to the mortgagor.   At this time the amount due on plaintiffs' mortgage, and of their bid on their foreclosure, with the interest, was the sum of $330.   They afterwards demanded this sum from said defendant, and he refused to pay it.   The action is brought to recover it from him and his sureties.

On a foreclosure of a mortgage under the power any surplus is, on demand, to be paid by the sheriff "to the mortgagor, his legal representatives or assigns." Gen. St. 1878, *c.* 81, § 18.   A junior mortgagee is, under this provision, an "assign." *Brown* v. *Crookston Agricultural Ass'n,* 34 Minn. 545, (26 N. W. Rep. 907.)   His right is, of course, superior to that of the mortgagor; and the sheriff who, knowing of his right, pays the surplus over to the mortgagor, certainly if he does so without giving him a reasonable opportunity to make a demand, will be liable to him.   This, as a proposition of law, does not seem to be disputed.

But it is insisted that the facts we have stated, as to defendant's connection with plaintiffs' foreclosure, do not justify the conclusion of fact found by the court below, that, at the time of paying the sur-

plus to the mortgagor, he had notice and knowledge of plaintiffs' rights; and the argument seems to be that he was not bound to keep in his memory his official acts in plaintiffs' foreclosure. Perhaps so. But when from his official acts, and also those that were non-official, such as procuring and filing the order of confirmation, and procuring the certificate of sale to be recorded, it is manifest that knowledge of plaintiffs' rights came to him, the court would, under ordinary circumstances, be justified in finding that such knowledge remained in his mind three or four months afterwards. There is nothing in the case from which he might suppose that the *status* of plaintiffs' right existing upon their foreclosure had in any way changed. We do not hold that he was bound to ascertain who had claims on the surplus, but, if he did know, it was wrong in him to pay it, as soon as it came into his hands, to one that he knew was not entitled to demand it.

Order affirmed.