HANNAH CARLSON v. N. L. HEADLINE and Others.[1]

March 15, 1907.

Nos. 15,038—(52).

**Sheriff's Certificate of Sale.**

A sheriff cannot be required to issue his certificate of sale under an execution issued upon a judgment until the full amount of the bid has been paid in cash; but, if the certificate is issued without such payment, the sale is valid and the remedy of the execution debtor is an action against the sheriff for the unpaid purchase money.

**Application of Excess Payment.**

Where land is sold under an execution, and the amount bid therefor is in excess of what is required to satisfy the execution and the costs of the sale, it is the duty of the sheriff to apply the balance remaining in his hands to the satisfaction of a junior judgment which is a lien upon the same land.

Appeal by plaintiff from an order of the district court for Renville county, Powers, J., denying a motion for a new trial, after a trial and findings in favor of the defendants as stated in the opinion. Affirmed.

*J. M. Freeman* and *Daly & Barnard,* for appellant.

*Parsons & Bowler,* for respondents.

ELLIOTT, J.

This action was brought by Hannah Carlson for the purpose of having a certain execution sale declared null and void and the sheriff's

[1] Reported in 111 N. W. 259.

certificate of sale thereunder canceled and set aside, the interests of certain other parties in the land determined, and for a judgment decreeing the plaintiff owner of the land free from all liens and incumbrances. A judgment was ordered in favor of the defendants, and the plaintiff appealed from an order denying a motion for a new trial.

The trial court found that on October 23, 1895, Peter C. Carlson, the husband of the plaintiff herein, was the owner of the land described in the complaint, and on that day he conveyed the same by warranty deed, his wife joining therein, to Hans Gronnerud. This deed, though in form absolute, was in fact a mortgage, and, after the indebtedness secured thereby had been paid, Gronnerud, on December 31, 1900, at the request of Peter C. Carlson, conveyed said land to the plaintiff, Hannah Carlson, by warranty deed. This deed was duly filed in the office of the register of deeds of Renville county on January 5, 1901, and thereupon the plaintiff, Hannah Carlson, became the owner of said lands. On July 9, 1898, while the record title of the land stood in Gronnerud, a judgment was duly rendered and docketed in the district court of Kandiyohi county, Minnesota, in favor of the Kandiyohi County Bank against Peter C. Carlson for $201.57, and a transcript of this judgment was filed and the judgment docketed on July 13 thereafter in the office of the clerk of the district court in and for Renville county. Prior to July, 1902, this judgment was duly assigned to Edson S. Gaylord. On May 22, 1903, an execution was issued upon this judgment out of the district court of Kandiyohi county, directed and delivered to the sheriff of Renville county, commanding him to satisfy said judgment, with interest, together with $23.80 increased costs in supplemental proceedings and $1.20 for additional clerk's fees, out of the property of the judgment debtor, Peter C. Carlson, in Renville county. This judgment became a lien upon the land in question at the time when it was docketed in Renville county on July 13, 1898, as determined and adjudged by a judgment of the district court of said county rendered July 2, 1902. On May 23, 1903, the sheriff of Renville county, one of the defendants herein, duly levied said execution upon all the right, title, and interest which said Peter C. Carlson had in said lands upon July 13, 1898, and, after giving due notice, duly sold said lands to satisfy said judgment on July 13, 1903, to the defendant E. L. De Pue for the sum of $1,207.05, and on the same day he execut-

ed to De Pue his sheriff's certificate of such sale in manner and form, as required by law. On July 14, 1903, this certificate was filed for record and recorded in the office of the register of deeds of Renville county. On July 15, 1903, the sheriff returned the execution fully satisfied by the sale of said lands, and the execution, with his return attached thereto, was on July 18, 1903, filed in the office of the clerk of the district court of Kandiyohi county.

At the time of this sale the sheriff had in his hands for collection two other executions, one issued on April 10, 1903, upon a judgment rendered and docketed in the district court of Renville county on July 13, 1900, in favor of Ruth Hanson and against Peter C. Carlson for the sum of $79.26, and one issued April 22, 1903, upon a judgment rendered and docketed in the district court of Renville county on said date in favor of E. L. De Pue and against said Peter C. Carlson for the sum of $707.66. The Hanson judgment was a lien upon the land in question, but the De Pue judgment was not a lien on said lands. Neither of the executions had been levied upon the land or upon any other property. At the time of the sale, on July 13, 1903, said E. L. De Pue was the owner of the two last-named judgments, and his bid at such sale of the sum of $1,207.05 for the land was for the purpose of covering the amount due on all said judgments, with interest and costs. Upon making such sale to De Pue the sheriff deducted from De Pue's bid of $1,207.05 the amount of the Hanson and De Pue judgments then owned by De Pue, and allowed and required him to pay in cash only the amount due upon the Kandiyohi Bank judgment, with interest and the increased costs of supplemental proceedings shown by the execution, together with the sheriff's fees and costs under the execution. This amount was paid to the sheriff, partly in cash and the balance in a check, draft, or certificate of deposit, which the sheriff accepted in lieu of cash, and thereupon executed a certificate of sale, and thereupon forwarded to said Gaylord by draft the amount due him as the owner of the Kandiyohi Bank judgment, which was by said Gaylord accepted in satisfaction of the said judgment. In October or November, 1904, De Pue conveyed the lands by quitclaim deed to the defendant Hodgdon, who thereupon became and since has been the owner thereof. The value of said lands is $7,000. During all the times in question the plaintiff has been in possession of the said

lands and has refused to comply with the requests of the said Hodgdon that she deliver the possession of the said lands to him.

Upon these facts the court found that the execution sale of July 13, 1903, was valid, and that the proceedings thereunder vested the title of the lands in De Pue, there having been no redemption therefrom; that the defendant Hodgdon is the owner in fee of said lands and is entitled to the immediate possession thereof; and that neither the plaintiff nor any of the other defendants has any right, title, or interest in, or lien or claim upon, said lands, or any part thereof.

The appellant assigns as errors the findings (1) that the land was duly sold to De Pue at the execution sale; (2) that the Hanson judgment was a lien on the land; (3) that the Hanson judgment belonged to De Pue on July 13, 1903; (4) that on July 13, 1903, the sheriff, Headline, had in his possession valid executions issued on the Hanson and De Pue judgments; (5) that the plaintiff has lost her right to redeem from said sale; and (6) that the defendant Hodgdon is the owner of the land. Error is also assigned upon the conclusions of law.

The appellant contends that the sheriff had no power to accept anything of value other than money from the purchaser at the execution sale, and that the sale was therefore void. It is true that a sheriff is authorized to sell for cash only, and that a bidder cannot require him to issue his certificate of sale until the payment is made. But, if the sale is consummated and the certificate issued, the sale is valid and the execution debtor can hold the sheriff responsible for the unpaid portion of the amount bid. 2 Freeman, Ex. § 301. The plaintiff attempted to redeem from the sale by the payment of $340, which was an amount sufficient to pay what was required to satisfy the Kandiyohi Bank judgment and the costs of the sale, but not sufficient to pay the amount of the bank judgment and the Hanson judgment. This latter judgment was a lien upon the land, and it was the duty of the sheriff to satisfy the execution issued thereon out of the money received or owing from De Pue. The proceeds of the sale stood in the place of the property sold. Brown v. Crookston Agricultural Assn., 34 Minn. 545, 26 N. W. 907; Fuller v. Langum, 37 Minn. 74, 33 N. W. 122. In order to redeem it was necessary to pay the amount of the bank

judgment and the Hanson judgment, and, as this was not done, no redemption was made and the title vested in De Pue.

The order denying the motion for a new trial is therefore affirmed.

JAGGARD, J. (dissenting).

I dissent. I think the plaintiff was entitled to redeem upon the tender made, unless it should be made to affirmatively appear that the defendant Hodgdon was a purchaser for value without notice. That does not appear in the present record.