HUGH McCAFFERY v. OTTO BURKHARDT.[1]

May 29, 1908.

Nos. 15,600—(69).

**Mortgage Foreclosure—Right to Surplus.**

> Defendant was the owner of a mortgage, which was a first lien on the mortgaged premises, and the plaintiff of a judgment, which was a second lien thereon. Defendant foreclosed his mortgage and purchased the premises at the sale for an amount which, after paying the mortgage and expenses of foreclosure, left a surplus in his hands. Afterwards the plaintiff issued execution on his judgment and purchased the premises at the execution sale for the full amount of his judgment and costs, and the execution was returned satisfied in full. He never redeemed from the foreclosure sale. *Held*, that he is not now entitled to recover the surplus from the defendant.

Action in the district court for Polk county to recover $105.99. The case was tried before Watts, J., who granted judgment on the pleadings in favor of plaintiff. From the judgment, defendant appealed. Reversed and remanded, with direction to the district court to amend its conclusion of law so as to direct judgment for defendant on the merits.

*S. L. Campbell* and *Martin O'Brien,* for appellant.
*Ole J. Vaule* and *Wm. P. Murphy,* for respondent.

START, C. J.

The facts in this case, as they appear from the pleadings and stipulation of the parties, are these: The defendant was the owner of a mortgage, which was a first lien on certain land in the county of Polk, and the plaintiff was the owner of a judgment, which was a second lien thereon. The defendant on October 24, 1903, foreclosed his mortgage, and the land was sold to him for an amount which exceeded the amount due on the mortgage, with costs of foreclosure, in the sum of $105.99. This surplus was not paid over to the sheriff, but remained in the hands of the defendant. The plaintiff caused to be issued and delivered to the sheriff of the proper county an execu-

tion on his judgment, and by virtue thereof the land was sold to him, on May 2, 1904, for a sum equal to the amount of the judgment and costs, and the sheriff returned the execution satisfied in full. No redemption was ever made from either the foreclosure sale or the execution sale, and the defendant became the absolute owner of the land on October 24, 1904. Thereafter, and on November 7, 1906, the plaintiff commenced this action in the district court of the county of Polk to recover from the defendant the surplus arising from the foreclosure sale. The trial court, upon the facts stated, rendered judgment for the plaintiff for the amount claimed, from which the defendant appealed.

It is true, as plaintiff claims, that his judgment was a lien on the surplus arising from the mortgage foreclosure sale, and he was then entitled to have the amount thereof applied to the extinguishment of his judgment pro tanto. Brown v. Crookston Agricultural Assn., 34 Minn. 545, 26 N. W. 907; Fagan v. People's Savings & Loan Assn., 55 Minn. 437, 57 N. W. 142. The question, however, presented by the record is not whether the plaintiff had at one time a lien on the surplus, but it is whether he is now entitled to the surplus.

After the surplus fund was brought into existence by the foreclosure sale, the plaintiff's judgment was a lien on the land, subject to a prior lien thereon to the amount for which it sold on the foreclosure sale. He also had a first lien on the surplus, by virtue of his judgment; but he was entitled to only one satisfaction of his judgment. If, then, on the execution sale a third party had purchased the land, subject to the prior lien, for an amount sufficient to satisfy in full the plaintiff's judgment, and the execution had been returned satisfied in full, no one would claim that the plaintiff could thereafter assert any claim to the surplus, for his sometime lien thereon would have been extinguished by payment of the judgment, precisely as it would have been if the plaintiff's judgment had been a lien on two separate parcels of land, and he had sold one of them on execution for the full amount of his judgment. Nor could such purchaser, in case he elected not to redeem from the foreclosure sale, claim the surplus. Now, the fact that the plaintiff, and not a third party, purchased the land at the execution sale, is wholly immaterial, for in either case the judgment would be satisfied by the return of the ex-

ecution satisfied, and the lien on and right to the surplus would fall with the payment of the judgment by execution sale. We accordingly hold that the plaintiff was not entitled to the surplus when this action was commenced.

The case of Fuller v. Langum, 37 Minn. 74, 33 N. W. 122, relied on by plaintiff, is not in point. In that case the plaintiff foreclosed his mortgage, which was a second lien on the mortgaged premises, and purchased the land at the sale. Three months afterwards another mortgage, which was the first lien on the premises, was foreclosed, and the balance of the proceeds from the foreclosure sale, after satisfying the first mortgage and all costs, amounted to $1,100. It was held that this surplus belonged to the plaintiff. The distinction between that case and this one is obvious. In the case cited the plaintiff, in case there had been no redemption from his own sale, would have been the owner of the premises, subject to the lien of the first mortgage; but by the sale on the foreclosure of that mortgage the amount necessary to be paid on redemption therefrom was increased by $1,100, the amount of the surplus, or, in other words, the value of the plaintiff's lien on the premises by virtue of his mortgage and certificate of sale was, as a necessary incident to the sale of the premises on foreclosure of the first mortgage, decreased by just the amount of the surplus—that is, the surplus came from his interest in the mortgaged premises, and his lien thereon, to the extent represented by the surplus, was transferred thereto.

It is suggested that, inasmuch as the mortgagor does not claim the surplus, it should be paid to the plaintiff. The mortgagor is not a party to this action, and the record is silent as to whether he makes any claim to the surplus; but, this aside, the only question arising on the record is whether the plaintiff has shown himself legally entitled to the surplus.

The judgment must be reversed, and case remanded, with direction to the district court to amend its conclusion of law so as to direct judgment for the defendant on the merits. So ordered.