## CONRAD H. CHRISTOPHERSON v. P. H. HARRINGTON.[1]

May 31, 1912.

Nos. 17,504—(89).

**Title to bankrupt's property.**

The title to the property involved in bankruptcy proceedings remains in the bankrupt until the appointment and qualification of the trustee; the title of the trustee, when appointed, relating back as of the date of the adjudication in bankruptcy.

**Cancelation of executory contract of sale.**

During the interval between the adjudication in bankruptcy and the appointment of the trustee, the vendor in an executory contract for the sale of land to the bankrupt may serve notice upon the bankrupt for the termination and cancelation of the contract for default in payment of the purchase price, as provided for by chapter 355, Laws 1909, and the notice so served and given is valid and effectual unless the result of fraud or collusion with the bankrupt and for the purpose of defeating the rights of creditors.

Action by the trustee of the estate of Herman Wiese, bankrupt, in the district court for Murray county to recover a payment of

1 Reported in 136 N. W. 289.

$5,503.50, made by the bankrupt as part of the purchase price of land under a certain contract. From an order, Nelson, J., overruling plaintiff's demurrer to the second defense in the answer, he appealed. Affirmed.

*Jay A. Kennicott* and *R. W. Parliman,* for appellant.

*A. J. Daley, M. J. Harrington* and *B. H. Whitney,* for respondent.

BROWN, J.

The pleadings in this action disclose the following facts: On November 25, 1910, Herman Wiese, of whose property and estate plaintiff is now trustee in bankruptcy proceedings, and defendant entered into an executory contract by the terms of which defendant agreed to sell and convey to Wiese certain real property situated in Murray county for the consideration of $17,446.65, to be paid at the time specified by the contract, upon which payment defendant was to convey to Wiese, the property by a good and sufficient deed. A down payment of $5,503.50 was made at the time the contract was entered into; a deferred payment of $1,615.15 fell due March 1, 1911; and the balance, $4,328, was payable on or before March 1, 1915. The sale was subject to an existing encumbrance of $6,000 which Wiese assumed and agreed to pay. Thereafter, on February 17, 1911, Wiese was, in proceedings had for that purpose, upon his voluntary petition, duly adjudged a bankrupt by the Federal district court of the district of Minnesota, and on March 31 of the same year plaintiff was duly commissioned trustee and clothed with the usual power and authority in such cases provided. He thereafter brought this action to recover the amount of the down payment made by Wiese upon the contract upon the ground, as alleged in the complaint, that defendant had no title or interest in the property agreed to be conveyed, that he was not in position to perform the contract, and therefore that the down payment should be returned.

Defendant answered, and among other defenses interposed that Wiese made default in the payment of $1,615.15 which fell due on the contract March 1, 1911, and that, acting under and pursuant to the provisions of chapter 355, p. 406, Laws 1909, defendant on March 2, 1911, duly gave notice of the cancelation of the contract

unless Wiese should within thirty days thereafter make payment of the instalment then due. The statute referred to authorizes this form of canceling and terminating such contracts. The notice of cancelation was served on the day of its date upon Wiese. The answer also alleges that defendant had no notice or knowledge of the pending bankruptcy proceedings at the time of the service of this notice; that no trustee in bankruptcy had been appointed, or record made in Murray county, in which the land is located, of the adjudication in bankruptcy, or other notice given thereof. The answer further alleges that payment was not made as required by the notice of cancelation, and that thereby the contract became fully terminated.

Plaintiff demurred to this part of the answer on the ground that the facts stated did not constitute a defense, and appealed from an order overruling the same. The only question presented, aside from the objections made by counsel for defendant to the sufficiency of the complaint, which we do not deem it necessary to consider, is whether the service of the notice of cancelation of the contract upon Wiese, the bankrupt, was valid and effectual as against plaintiff, who was subsequently appointed trustee; the service having been made between the date of the adjudication in bankruptcy and the appointment of the trustee. Our examination of the authorities bearing upon the question leads to the conclusion that an affirmative answer must be given.

It is contended by plaintiff that, upon the adjudication in bankruptcy, Wiese, the bankrupt, became civilly dead, and that the service upon him was a nullity and wholly ineffectual for any purpose; that the title and interest of the bankrupt in all nonexempt property owned or held by him passed to the trustee as of the date of the adjudication, free and clear of any proceedings taken against the bankrupt between the date of the adjudication and the appointment of the trustee.

There is probably no doubt that counsel's position is sustained by some of the decisions of the Federal courts. It has often been said by those courts, particularly with reference to the old bankruptcy act, that the filing of a petition in bankruptcy is a caveat to all the world,

and in effect an attachment and injunction, and, on adjudication, that the title to the bankrupt's property passes to the trustee as of the date of filing the petition. Under the present bankruptcy law the title of the trustee dates, not from the filing of the petition. but from the adjudication in bankruptcy. Under the earlier decisions, persons dealing with the bankrupt after the filing of the petition and before the appointment of the trustee did so at their peril, and were liable to the trustee to the same extent as they were liable to the bankrupt before the bankruptcy proceedings were commenced. Mayo v. Manufacturers, 64 Pa. St. 74, 3 Am. Rep. 573; In re Lake, 3 Biss. 204, Fed. Cas. No. 7,992. But such is not now the rule. Babbitt v. Burgess, 2 Dill. 169, Fed. Cas. No. 693. The bankrupt is no longer regarded as civilly dead during the period elapsing between the adjudication in bankruptcy and the appointment of the trustee. 1 Loveland, Bankruptcy, 759; Plaut v. Gorham Mnfg. Co. (D. C.) 174 Fed. 852.

On the contrary, the courts now hold that the title to the property remains in the bankrupt and subject to his control until the trustee is appointed and qualified. He may during that period maintain such actions or proceedings as may be necessary to preserve and protect the property, and his rights in this respect are only divested by the appointment of the trustee. Johnson v. Collier, 222 U. S. 538, 32 Sup. Ct. 104, 56 L. ed. 306. The doctrine now applied in such cases is clearly stated by Justice Lamar in that case and is the latest expression of the Supreme Court upon the subject. See also Black, Bankruptcy, 253; Loveland, Bankruptcy, 757. If the bankrupt retains title and control of the property until the trustee is appointed, no good reason occurs to us why third persons having interests in or liens upon the property may not, when necessary to the protection of their rights, make the bankrupt personally a party to the proceeding commenced for that purpose. In fact, we are clear that the Federal courts have adopted that view of the law.

In speaking of the question here presented, Judge Sanborn in Re Rathman, 183 Fed. 913, 106 C. C. A. 253, 25 Am. Bankr. Rep. 246, 261, said: "But counsel insist here that the filing of the petition in bankruptcy 'is a caveat to all the world and in effect an attachment

and injunction,' and they cite Mueller v. Nugent, 184 U. S. 1, 7 Am. Bank. Rep. 224, and numerous opinions of the courts that repeat the statement. But the later opinions of the Supreme Court adjudge that this statement applies only to parties who have no substantial claim of a lien upon or a title to the property of the bankrupt, and that, as against those who have such claims of existing liens or titles when the petition in bankruptcy is filed, that filing is neither a caveat nor an attachment, that it creates no lien, and that, until the bankruptcy court by some act of one of its officers takes actual possession of the property, or makes such claimants parties to the proceeding by some order or process or notice of the proceeding comes to them, *their liens, titles, and remedies* [italics are ours] *are unaffected thereby* and they are strangers to the proceeding"—citing Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. ed. 620; York Mnfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. ed. 782; Hiscock v. Varick Bank of New York, 206 U. S. 28, 27 Sup. Ct. 681, 51 L. ed. 945.

From this statement of the law, as applied by the Federal courts, we understand that proceedings in bankruptcy prior to the appointment of a trustee, as to those who are not parties to the proceedings and have no notice thereof, but who have claims of liens upon or interests in the bankrupt's property, in no way affect their rights or remedies under the rules of law applicable to the enforcement of the same. And, if proceedings at law or in equity are necessary for the protection of any such rights during the time intervening between the adjudication in bankruptcy and the appointment of the trustee, they may be had and taken and made effectual by service of notice upon the bankrupt. It was not the purpose of the bankruptcy act to interfere with the rights of third persons nor to embarrass the protection or enforcement of vested interests in and to the property of the bankrupt, a result quite likely to follow if the service of notice or the commencement of proceedings for the protection of such rights be held suspended until the trustee is appointed. It might happen in any bankruptcy proceeding that, pending the appointment of a trustee, a valuable right might be lost if notice could not be served upon the bankrupt. The time limited for the commencement of an

action to foreclose a mechanic's lien or the foreclosure of a mortgage might expire after the commencement of the bankruptcy proceedings and before the appointment of a receiver, and would become barred if service upon the bankrupt could not be made.    Other like situations might arise and render imperative prompt action.

In the case at bar there is no question but that defendant had the statutory right to terminate his contract for the sale of land to the bankrupt, and, following what we understand as the trend of the Federal courts, we hold that the service of the notice upon the bankrupt was valid and effectual for that purpose, unless it was so served and the cancelation of the contract thus affected as the result of fraud and collusion between defendant and the bankrupt for the purpose of defeating the rights of creditors.    Babbitt v. Burgess, supra.    The question of fraud is not presented by the pleadings.

Order affirmed.