# WILLIAM PASCHKE v. C. W. ADAMS LUMBER COMPANY AND ANOTHER.[1]

January 7, 1927.

No. 25,603.

**Service of statutory notice for cancelation of land contract.**
> The statute which provides that a contract for the sale of real estate may be terminated by the vendor for default of the purchaser by serving the prescribed notice "upon the purchaser, his personal representatives or assigns," does not require such notice to be served on a judgment creditor of the purchaser as he is not an "assign."

Vendor and Purchaser, 39 Cyc. p. 1387 n. 10.

Defendant lumber company appealed from the judgment of the district court for Rice county, Senn, J. Affirmed.

*John P. Kyle* and *A. B. Childress*, for appellant.
*Smith & Coughlin*, for respondent.

TAYLOR, C.·
The owner of a parcel of land in Rice county contracted to sell and convey it to one John Chapman. Chapman failed to make the payments required by the contract and on March 18, 1924, the owner served upon him the statutory notice terminating the contract unless such payments were made within 30 days thereafter. No payments were made and, at the expiration of the 30 day period,

[1]Reported in 211 N. W. 827.

the then owner conveyed the land to plaintiff by warranty deed.

The defendant lumber company obtained a judgment against Chapman on March 17, 1924, which was docketed in Rice county on the same date. In September, 1924, the lumber company caused an execution to be issued on this judgment and caused defendant Livingston as sheriff to levy upon the land thereunder and advertise it for sale. Thereupon plaintiff brought this action to enjoin the sale and to quiet his title as against the asserted lien of the lumber company under its judgment. The trial court rendered judgment that the lumber company had no interest in or lien upon the land and enjoining the threatened sale. Defendant lumber company appealed.

Defendant contends that, having docketed its judgment the day before the notice of cancelation was served on Chapman, the notice was ineffective because not served on defendant also. We are unable to sustain this contention. The statute provides that in case of default the vendor may terminate the contract by serving the prescribed notice "upon the purchaser, his personal representatives or assigns." Defendant urges that a judgment creditor is an "assign" within the meaning of this statute. We are unable to extend the term as there used to include judgment creditors.

Whether a particular person was an "assign" within the meaning of that term as used in a particular statute has been considered in several cases. In Brown v. Crookston Agr. Assn. 34 Minn. 545, 26 N. W. 907, the land was sold under a first mortgage for more than the amount due thereon. Under the statute the surplus was payable "to the mortgagor, his legal representatives or assigns." To preserve the equitable rights of a junior mortgagee to this surplus, it was held that he was an "assign" within the meaning of this statute. This ruling was followed in Fuller v. Langum, 37 Minn. 74, 33 N. W. 122. The statute involved in Cuilerier v. Brunelle, 37 Minn. 71, 33 N. W. 123, provided that "the mortgagor, his heirs, executors, administrators, or assigns" might redeem from a mortgage foreclosure within one year, and also prescribed the time and manner in which creditors having liens might redeem.

A junior mortgagee claiming to be an "assign" attempted to redeem within the year. It was held that he was not an "assign" within the meaning of this statute and could redeem only as a creditor. The Brown case was distinguished on the ground that the term as used in the statute there involved was construed to include junior mortgagees in order to preserve their rights in the surplus realized from the sale. In Buchanan v. Reid, 43 Minn. 172, 45 N. W. 11, the Cuilerier case is cited with approval, and it was held that the purchaser at the foreclosure of a junior mortgage was not an "assign," and could redeem as a creditor having a lien although not a creditor of the mortgagor. In Law v. Citizens Bank of Northfield, 85 Minn. 411, 89 N. W. 320, 89 Am. St. 566, a second mortgage was foreclosed for the full amount but the sale was in fact void because the land was misdescribed. At the expiration of the period for redemption, the purchasers went into possession and thereafter occupied the land as owners. It was held that they were mortgagees in possession and as such entitled to redeem from the first mortgage as "assigns." In Stannard v. Marboe, 159 Minn. 119, 198 N. W. 127, the term "assigns" as used in the statute involved in the present case was construed to include mortgagees, and it was held that the statutory notice terminating the contract must be served upon them as well as upon the vendee. Defendant relies upon this last case as sustaining its contention.

As appears from the cases cited, the term "assigns" is not always used in the same sense, and those intended to be designated by the term as used in a particular statute are to be determined from the context in the light of the subject matter of the statute and the purpose to be accomplished by it. But none of the cases cited contain anything to indicate that the term may be extended to include judgment creditors. 5 Corpus Juris 1311 contains a list of the different classes of persons who have been held to be included in the term "assigns" as used in different statutes or different instruments. While this list names "execution creditors," a single Canadian case is the only case cited as authority for including them. In explaining what is meant by the term, the books frequently quote a statement made in an English case that:

"The word 'assigns' is a term of well-known signification, comprehending all those who take, either immediately or remotely, from or under the assignor, whether by conveyance, devise, descent, or act of law." 3 Am. & Eng. Enc. (2d ed.) 156; 5 C. J. 1310; note Ann. Cas. 1913B, 734.

It has also been said that an "assign" must derive his right or title under the same right by which his predecessor held. We think that the term as here used includes only those who stand in privity of estate to the one under or through whom they claim.

It has been said several times that a judgment lien is not an estate or interest in land but only confers a right to levy on it to the exclusion of subsequent adverse interests; that a judgment creditor has no jus in re but a mere power to make his lien effectual by an execution and sale. State ex rel. Child v. District Court of Chippewa County, 85 Minn. 283, 88 N. W. 755, and citations. See also Thompson v. Dale, 58 Minn. 365, 59 N. W. 1086. Judgment liens are created by statute and the effect to be given to them as against the rights and interests of third parties is prescribed by statute and cannot be extended beyond the fair purview of the statute. The rights given by statute to a judgment creditor are hostile and adverse to the title of the judgment debtor and if exercised operate to divest him of such title by proceedings in invitum. While the judgment creditor acquires title from the debtor in a certain sense, it is not in the sense meant by the term "assign" as here used. In Farmers & M. S. Bank v. Stageberg, 161 Minn. 413, 201 N. W. 612, the intervener had a judgment lien upon the interest of the vendee. The court held that a notice of cancelation served only on the vendee terminated the contract and thereby extinguished the judgment lien, but the precise point here involved does not appear to have been urged in that case. While not directly in point see also Reynolds v. Fleming, 43 Minn. 513, 45 N. W. 1099; Hage v. Benner, 111 Minn. 365, 127 N. W. 3; Christopherson v. Harrington, 118 Minn. 42, 136 N. W. 289, 41 L. R. A. (N. S.) 275.

We are of opinion that this statute does not require a vendor to serve the notice of cancelation upon judgment creditors.

Judgment affirmed.