## W. T. BAILEY LUMBER COMPANY v. CARL A. HENDRICKSON AND OTHERS.[1]

January 29, 1932.

No. 28,734.

*Fryberger, Fulton & Boyle* and *Luke F. Burns,* for appellant.
*Victor H. Gran,* for respondents.

WILSON, C. J.

Plaintiff appealed from an order denying its motion for a new trial.

On April 22, 1927, the Minnesota Building & Loan Association, the fee owner, delivered to defendant John Soderholm a contract for deed covering certain lots in Virginia, the consideration of $1,400 being payable in monthly instalments.

Soderholm took possession. He assigned his contract to Seppala Brothers in the form of a subcontract to transfer. Seppala Brothers, having constructed a building on the premises, defaulted, and Soderholm canceled their contract and they dropped out of the picture. They did not however pay for the labor and material used, and in 1928 an action was instituted to foreclose mechanics' liens, and judgment was entered therein on May 4, 1929. Plaintiff was the only lienholder that established a lien against the interests of the association. The sheriff's sale was on June 28, 1929. Plaintiff

[1]Reported in 240 N. W. 666.

there bought the interest of the association, the vendor in the contract to Soderholm, for $1,350. At the same sale plaintiff bought the interest of Soderholm (and Seppala Brothers) the vendee in said contract, for $1,150. The sales were confirmed, and the usual certificate was issued on July 15, 1929. Plaintiff thus put itself in the situation of separately acquiring, subject to redemption, the interests of both the vendor and vendee in the contract.

No redemption was ever made from plaintiff's purchase of the interests of the vendee. On September 23, 1929 (before the expiration of the time for redemption) the association served on John Soderholm, the vendee, the statutory notice of cancelation of the contract because of default on the part of the vendee, and no one removed the default within the 30-day statutory period therefor; and the court found by reason thereof that all rights under the contract were terminated on October 24, 1929. Soon thereafter the association sold and conveyed the premises to defendant Hendrickson, subject to the rights of plaintiff arising out of its purchase of the vendor's interest at the sheriff's sale. On May 19, 1930, after so acquiring the vendor's interest, Hendrickson redeemed the interests of the vendor acquired by plaintiff as a purchaser thereof at the sheriff's sale. In making such redemption he paid the sheriff $1,430.12.

The effect of these acts, if valid, upon the purchase by the plaintiff of the vendee's interest in the contract, for which it paid $1,150 and from which no redemption was made, is ruinous.

The contract for deed between the association and Soderholm passed the equitable title in fee to the vendee, leaving the legal title in fee in the vendor. Both were freeholders; both had valuable interests; but neither had perfect title until he acquired the rights of the other. Each had property which could be reached by execution. But that which might be acquired by execution would be subject to the rights of the other, which would remain unimpaired by such acquisition. The association had the legal right to redeem its interests from the sheriff's sale. Before the time for redemption expired it sold to Hendrickson, who then had the right of redemption, which he exercised. This ended plaintiff's interest in that which it had acquired as the property of the association, the vendor.

In the absence of the sheriff's sale, the association also had the legal right, in case of default, to cancel the contract in the manner provided by statute. How or why was this right lost by reason of the sheriff's sale, which was not absolute until the expiration of the time for redemption? Had no redemption been made, plaintiff would have acquired all the rights of the vendor and could then have demanded payment from the vendee; and in case of default on the part of the vendee, plaintiff could have canceled the contract. But, until the contract was canceled, the rights of the association which plaintiff acquired were subject to the Soderholm contract. But until after the expiration of the time to redeem from the sheriff's sale, plaintiff had no right to cancel the Soderholm contract. Until the lapse of time to redeem from the sale of a vendor's interest of land sold under such contract for deed, the vendor has exclusive right to the property. He may never lose his title. The purchaser may never acquire absolute title. In fact the vendor holds the legal title, and such a purchaser at such sale acquires a lien upon the rights of the vendor. M. & St. L. Ry. Co. v. Wilson, 25 Minn. 382; 34 C. J. 598, § 916; Welles v. Baldwin, 28 Minn. 408, 10 N. W. 427; Coolbaugh v. Roemer, 30 Minn. 424, 15 N. W. 869. But the rights of such a purchaser, until the expiration of the time to redeem, are subordinate in law to the privileges of the vendor. They do not deprive the vendor of the right of control.

Plaintiff, having so acquired the rights of the vendee in the contract, stood in his shoes and could have performed the obligations of the vendee and removed the default; but it did not do that. It now complains that notice of cancelation was not served upon it. But plaintiff's status was no more favorable than that of a judgment creditor. Nor do we see any way of concluding that plaintiff, before the expiration of time to redeem, was an "assign" of Soderholm. Was the statutory cancelation of the Soderholm contract effective as to the plaintiff, no notice thereof being served upon it? G. S. 1923, § 9576, as amended, 2 Mason, 1927, id. provides that such a contract may be terminated by a 30-day notice served "upon the purchaser, his personal representatives or assigns." A mortgagee

of the vendee is included in the word "assigns" and is entitled to notice. Stannard v. Marboe, 159 Minn. 119, 198 N. W. 127. But a judgment creditor of such vendee is not an "assign," and notice need not be served upon him. Paschke v. C. W. Adams Lbr. Co. 169 Minn. 445, 211 N. W. 827. As to an intervener's lien, upon the equitable title of vendee being divested by cancelation, see Farmers & M. State Bank v. Stageberg, 161 Minn. 413, 201 N. W. 612.

As indicated in the memorandum of the trial court, a mortgage represents a voluntary assignment; while the rights of a judgment creditor or a purchaser at a sheriff's sale are acquired without the consent of the debtor, acquired by compulsion or operation of law. In such cases there is an absence of privity of estate. This distinction rests upon Paschke v. C. W. Adams Lbr. Co. 169 Minn. 445, 211 N. W. 827.

The value of plaintiff's purchase at the sheriff's sale of the rights of the vendee depended upon somebody's maintaining and sustaining the contract. Nobody did that. Plaintiff's purchase rested on this contract; yet plaintiff did not concern itself with the performance on the part of the vendee. The association proceeded to terminate the contract as provided by statute. It complied therewith, and we are of the opinion that the plaintiff, under the language of the statute, was not entitled to have the notice of cancelation served upon it.

The effectual cancelation of the contract destroyed plaintiff's purchase of the interests of the vendee. The only thing that the plaintiff acquired by the purchase was wiped out of existence. The contract was put to death, and plaintiff's expenditure therefor was a loss which could have been avoided by the plaintiff.

It is contended that the vendor could not cancel the contract because its rights had been sold at the sheriff's sale to plaintiff, and hence it, the vendor, could not perform the contract on its part, and therefore should not be permitted to cancel because of the delinquency of the vendee. But the record does not support the assertion that the vendor could not have performed. Indeed, it fairly appears that the vendor could have performed. It had a complete

right to redeem and presumably would have done so had the vendee tendered full payment. No one suggests that the vendor was not financially responsible and able to redeem, but it would seem that the full amount coming from the vendee would have substantially provided the necessary money. The principle that the vendor may discharge his obligation from the money which he receives as stated in Paynesville Land Co. v. Grabow, 160 Minn. 414, 200 N. W. 481, seems applicable. It must also be remembered that we are here dealing with a default in instalments only, and it can hardly be said that the plaintiff would have to stand ready for full performance on its part only to receive payment of delinquent instalments. 27 R. C. L. 663, § 425.

Affirmed.