# Davis & Son *v.* Milligan.

### *Bill in Equity for Foreclosure of Mortgage.*

1. *Notice of mortgage, actual or constructive.*—Neither the attesting witness to a mortgage, nor the justice of the peace before whom it is acknowledged, is chargeable with notice of its contents, or of the particular property conveyed by it; but due registration is constructive notice to subsequent purchasers from the mortgagor, and the mortgagee is under no obligation to give them actual notice.

2. *Extinguishment of debt, by appointment of creditor as administrator of debtor's estate.*—The appointment of one partner as administrator of the estate of a deceased debtor of the partnership, does not extinguish the debt by operation of law.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 12th March, 1888, by J. F. Davis & Son, suing as a partnership, against T. A. Davis and his wife, S. N. Milligan, and M. G. Milligan; and prayed the foreclosure of a mortgage, or a deed of trust in the nature of a mortgage, which T. A. Davis and his wife had executed to the complainant. The mortgage, or deed of trust, was dated September 12th, 1885, attested by S. N. Milligan as subscribing witness, and duly acknowledged before him as a justice of the peace; and it was duly recorded on the 4th November, 1885. The secured debt was evidenced by three promissory notes, each for $190.78, dated

September 12th, 1885, and payable one, two, and three years after date, respectively, with interest, which were signed by T. A. Davis, J. H. L. Davis, and S. M. Davis. The deed conveyed a tract of land containing about 95 acres, called in the pleadings the "Old Home place" of T. A. Davis, and " a house and lot in Choccolocco, Alabama," described by metes and bounds, which contained four or five acres. " The Choccolocco Lot," as it is called, had belonged to S. N. Milligan, who sold it to T. A. Davis; but, in October, 1886, a balance of about $100 of purchase-money being still unpaid, the contract between them was rescinded by mutual agreement, Milligan's bond for title delivered up to him, and he paid Davis $300 for the improvements erected on the land. Afterwards, but before the filing of the bill, S. N. Milligan sold and conveyed one half of the lot to M. G. Milligan. J. W. Murphy, the trustee in the deed of trust, was joined as a complainant in the bill; and it was alleged that the Milligans each bought with knowledge or notice of the instrument.

A decree *pro confesso* was entered against T. A. Davis, and he made no defense. An answer was filed by S. N. Milligan, in which he alleged that, when he rescinded the contract with T. A. Davis, he had no knowledge or notice whatever of the mortgage "on the Choccolocco Lot," except what might be imputed to him by law; that Davis asked him to attest and certify the acknowledgment of the mortgage, stating that it conveyed his "Old Home place," and he did so without reading it, and without any other information as to its contents; also, that the negotiations for the rescission were in progress about ten days, during which time he saw J. F. Davis almost daily, who knew of the pending negotiations, and also knew that respondent had no knowledge of the mortgage, but gave him no notice thereof; and he insisted that the complainants were estopped from enforcing the mortgage against the "Choccolocco Lot." He also assailed the validity of the mortgage, and alleged that the consideration was a fictitious debt. M. G. Milligan adopted the answer of his co-respondent.

An amended and supplemental answer was afterwards filed, alleging that letters of administration on the estate of J. H. L. Davis, deceased, one of the makers of the notes secured by the mortgage, had been granted to J. F. Davis, one of the complainants, and he had received assets of the estate more than sufficient to pay the notes; and insisting that the debt was extinguished by operation of law.

[Davis & Son v. Milligan.]

On final hearing, on pleadings and proof, the chancellor held that the complainants were estopped from enforcing the mortgage against the "Choccolocco Lot," but he granted a decree of foreclosure as to the other lands conveyed by it; and the former part of the decree is now assigned as error by the complainants.

BROTHERS, WILLETT & WILLETT, for appellants.—Milligan had constructive notice of the mortgage, not only because it was duly registered, but because he was the attesting witness to the instrument, and it was acknowledged before him as a justice of the peace; and this rendered actual notice immaterial. No principle of law, and no moral duty, requires a mortgagee, after he has had his mortgage duly recorded, to follow the mortgagor around, and give notice of his rights to all who may propose to buy. Registration would be useless, if this were required.

G. C. ELLIS, and JNO. M. CALDWELL, contra.—(1.) The facts show a clear case of estoppel.—McCravey v. Remson, 19 Ala. 430; Caldwell v. Smith, 77 Ala. 158; Williams v. Baldridge, 66 Ala. 338; Leinkauf v. Munter, 76 Ala. 198; Calhoun Co. v. Forney, 84 Ala. 215; Herman on Estoppel, §§ 1059, 1069; Tryon v. Flournoy, 80 Ala. 321; Prickett v. Sibert, 75 Ala. 315; Lambert v. Newman, 56 Ala. 623; 2 Pom. Equity, §§ 804-05; 16 Ala. 167; 17 Ala. 770. (2.) The debt was extinguished by operation of law.—Miller v. Irby, 68 Ala. 477; Harkins v. Hughes, 60 Ala. 316.

SOMERVILLE, J.—We discover nothing in the testimony to challenge the bona fides of the mortgage debt due to the complainants by the defendant T. A. Davis, and the mortgage by which it is secured seems to be equally free from any objection affecting its validity. The foreclosure prayed for in the bill must, therefore, be decreed, unless the complainants, as mortgagees, are in an attitude to estop them in equity from asserting the rights secured to them by the mortgage. It is contended by the defendant, S. N. Milligan, and his sub-vendee, M. G. Milligan, who claims under him, that the complainants were apprised of the fact that he was about to purchase that portion of the mortgaged property known as the "Choccolocco Lot," without any actual knowledge on his part of the existence of the mortgage incumbrance on it, and that they neglected to hunt him up and inform him of the mortgage.

[Davis & Son v. Milligan.]

We may admit Milligan's ignorance of the existence of this mortgage—*i. e.*, that he had no actual knowledge of its existence, although he is shown to have attested its execution, and was the justice of the peace before whom the mortgagor, T. A. Davis, acknowledged such execution. There is no presumption from these facts that he was apprised of its contents. It is no part of the duty, nor is it the habit of officers, or of attesting witnesses, under such circumstances, to read the conveyance attested by, or acknowledged before them.

But the mortgage was duly recorded, and this was constructive notice of its existence and contents to all subsequent purchasers. It is not shown that the complainants were guilty of any fraud or bad faith in the matter. No inquiry was made of them, as to their claim of title. It does not even appear that they had any suitable opportunity to give personal notice to Milligan. They were under no duty to go about to institute a search for him, and warn him to examine the records where the mortgage was recorded. It was his duty to do this, as an act of ordinary prudence; and had he done so, he could easily have escaped the disaster of his error. If it be claimed that he was misled by the mortgagor, T. A. Davis, it is not shown that the mortgagees in any manner participated in such culpable conduct.

It is claimed that inasmuch as one of the complainants, J. F. Davis, obtained letters of administration on the estate of John Davis, deceased, one of the debtors on the mortgage debt, this operated as an extinguishment of the debt by operation of law. This is upon the theory, that the right to demand, and the obligation to pay, co-existed in the same person.—*Eatman v. Eatman*, 82 Ala. 223. The debt, however, was not due to J. F. Davis, but to J. F. Davis & Son, a partnership, of which he was a member. There was no such identity of person, therefore, in the debtor and creditor as to bring in operation the principle invoked. It has no application to this case.

The chancellor, in our opinion, erred in the decree rendered dismissing the bill. The decree of dismissal will be reversed, and a decree rendered in this court, declaring the complainants entitled to the relief prayed, and foreclosing their mortgage.

Reversed and rendered.