[No. 8290.  Department One.  October 25, 1909.]

ROBERT SCOTT, *Respondent,* v. A. H. FARNAM *et al.,*
*Appellants.*[1]

VENDOR AND PURCHASER—MORTGAGE BY VENDEE—RIGHTS OF MORT-GAGEE AGAINST VENDOR—RESCISSION—PAYMENTS—RECOVERY. Where a vendor, after accepting a final payment made by the vendee's mortgagee to protect his lien, secured a cancellation of the sale and a deed from the vendee, and resold the property after redeeming the mortgage, his personal liability to the mortgagee for the payment made on the purchase price depends upon whether the resale was made to a *bona fide* purchaser for value, and if so, the price received on the resale is immaterial.

VENDOR AND PURCHASER—BONA FIDE PURCHASER—NOTICE—REC-ORDS—BURDEN OF PROOF. The burden of proving actual notice of an unrecorded conditional bill of sale, or of a claim not of record, is upon the party asserting the priority of the sale or claim.

MORTGAGES—PROPERTY SUBJECT—MORTGAGE BY PURCHASER IN POS-SESSION—EFFECT. The interest of a purchaser in possession is subject to mortgage, and a mortgage operates as an equitable assignment of the interest, which precludes a rescission without giving the mortgagee opportunity to perform.

VENDOR AND PURCHASER—MORTGAGE BY VENDEE—RIGHTS OF MORT-GAGEE AGAINST VENDOR. Where a vendee in possession mortgaged the property before full payment, and the mortgagee foreclosed, and in order to protect his lien, made final payment of the purchase price, the vendee being unable to do so, the vendor, who accepted the payment, is personally liable to the mortgagee for the amount of the same, where it appears that with notice of the final payment, he secured a rescission of the sale and a deed from the vendee, redeemed the property from the mortgage, and resold the property to an innocent purchaser for value, thereby cutting off the mort-

[1]Reported in 104 Pac. 639.

gagee's equitable lien for the purchase price paid; since the vendee's mortgage was an equitable assignment of the vendee's interest, giving the mortgagee the right to complete the purchase and precluding a rescission thereof without the mortgagee's consent.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered May 29, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action by a mortgagee to recover money deposited to protect a mortgage lien. Affirmed.

*J. C. Cross (A. Emerson Cross,* of counsel), for appellants. *John C. Hogan,* for respondent.

Gose, J.—The respondent, the plaintiff below, commenced this action to recover the sum of $825 and interest. The case was tried to the court, and from a judgment in his favor for the amount claimed, the appeal was taken.

The cause of action arose out of the following facts: On January 26, 1907, the appellants, being the owners of certain real estate in the city of Aberdeen, entered into a contract with one Mary J. Carothers, whereby they agreed to sell, and she agreed to buy, the property for a consideration of $1,500, $750 thereof being paid at the time the contract was made, and the remaining $750, with $75 interest, was to be paid on the 26th day of January, 1908, at the bank of Hayes & Hayes, at Aberdeen, time being made the essence of the contract. Miss Carothers, upon the execution of the contract, went into possession of the property. The contract was filed for record May 29, 1907. On March 27, 1907, the appellants entered into a conditional sale contract with Miss Carothers, whereby, in consideration of $50 then paid and upon the payment of $850 principal and $71.60 interest, on January 29, 1908, they agreed to convey to her a two-story frame building then located upon property other than that they had contracted to convey, the same to be moved within twenty days from the date of the contract. This was

never paid.  In April, 1907, Miss Carothers caused the build-
ing to be placed upon the premises the appellants had agreed
to convey to her.  On May 25 following, she executed a mort-
gage to the respondent upon the land contracted for, in the
sum of $1,000.  After the contract to convey the land was
made and before the execution of the mortgage, she caused
certain plumbing to be done upon the building on the prem-
ises, and failing to pay for the work, a lien was filed against
the property.  The lienors, after the execution of the mort-
gage to the respondent, put the claim into a judgment, and
thereafter assigned it to the respondent.  Thereafter the re-
spondent foreclosed his mortgage, together with the assigned
lien, and a decree was entered thereon on January 13, 1908.
On January 23, 1908, the respondent, in order to protect
the mortgage and judgment lien, deposited to the credit of
the appellants at the bank of Hayes & Hayes, where the
money was payable on the land contract, the sum of $825,
the balance due thereon.

It is conceded that Miss Carothers was not financially able
to make the payment.  When the deposit was made, the bank
held a properly executed deed in favor of Miss Carothers,
embracing the land the appellants had agreed to convey to
her; and it also held a bill of sale which purported to convey
the building to her.  On January 30 following, the appel-
lants, having notice of the deposit of the balance due on the
land contract, procured from Miss Carothers a written ac-
knowledgment of the forfeiture of both the land and house
contracts.  On February 13 next, the appellants withdrew
the deposit, and later the same day procured Miss Carothers
to execute and deliver to them a deed of general warranty to
the land, and thereafter and on the same day paid to the
sheriff, who had advertised the property for sale on February
15, on an order of sale issued upon the decree of foreclosure,
the $825 deposited by the respondent, and $600 additional,
and redeemed the premises therefrom.  On February 18 the
respondent accepted the $1,400 and satisfied his judgment.

On October 27 following, the appellants, by a deed of general warranty, conveyed the premises to one Falconer, who filed it for record on that date. The deed to the appellants was filed for record on the day of its execution. The land contract, as we have seen, was filed for record in due time, but the contract for the sale of the building was not filed until in November, 1908.

Numerous errors are assigned, based upon certain findings of fact and the refusal of the court to find certain facts proposed by the appellants, but they all hinge upon the one main question, viz., whether there is a liability upon the facts stated.

The court, over the objection of the appellants, admitted in evidence the deed from them to Falconer, and permitted the latter to testify to the consideration he paid for the property. This is assigned as error. From the view we take of the case, the evidence as to the price paid for the property was immaterial; but proof of the conveyance of the property by the appellants to a *bona fide* purchaser for value was a prerequisite to a right to maintain an action for a money judgment against the appellants.

It is next urged that the court erred in finding that, when the respondent took the mortgage, he had no notice of the conditional sale building contract upon which the vendee was then in default, and it is argued that there is no evidence in the record to support the finding. As we have seen, the contract was not filed for record until November, 1907. The burden of showing that the respondent had actual notice of it was, therefore, upon the appellants, and we have found nothing in the record tending to prove it. Our code, Bal. Code, § 4585 (P. C. § 6547), as amended by Laws 1903, page 6, provides that conditional sales of personal property, where the property is placed in the possession of the vendee, shall be absolute as to incumbrancers and subsequent creditors in good faith, unless within ten days after the taking of possession by the vendee, a memorandum of the sale, stating its

terms and conditions and signed by the vendor and the vendee, shall be filed for record in the auditor's office of the county wherein the vendee resides at the date he takes possession of the property. It follows that the respondent had neither actual nor constructive notice of the contract.

It is next urged that the court erred in finding that Falconer was a *bona fide* purchaser for value, and that there was no evidence to support it. The burden of proving that he had actual notice of a claim not of record was upon the appellants, and we have found nothing in the record which even tends to prove such notice.

Passing to a consideration of the principal question, we find that it is well settled, that a vendee in possession of property under a contract of sale has an interest which can be conveyed or mortgaged; that a mortgage by the vendee operates as an equitable assignment of his interest in the property; that when the vendee has mortgaged the property and the vendor has notice of that fact, he cannot enter into a new contract for a rescission without the consent of the mortgagee or giving him an opportunity to perform the contract; that the mortgagee of the vendee in virtue of his mortgage acquires the right to complete the purchase if the mortgagor fails or refuses to do so; that the recording of the mortgage is notice to any subsequent purchaser from the vendor of the mortgagee's right to purchase the property under the contract if the vendee does not perform the conditions of the contract. 1 Jones, Mortgages (6th ed.), § 172; 27 Cyc. pp. 1037, 1038, 1139, 1436; *Smith v. Northern Pac. R. Co.*, 22 Wash. 500, 61 Pac. 255; *Brummett v. Campbell*, 32 Wash. 358, 73 Pac. 403; *Shaw v. Benesh*, 37 Wash. 457, 79 Pac. 1007. The appellants had actual notice of the respondent's mortgage.

To recapitulate: The record shows that a contract for the sale of the land was entered into; that the vendee went into possession and incurred an obligation which became a lien upon the property; that she then mortgaged the property

to the respondent; that he purchased the lien and, in default of payment, foreclosed the mortgage and the lien; that a judgment and decree of foreclosure was entered in his favor for about $1,400; that the contract of sale made time the essence of the contract, and provided for a forfeiture in default of payment; that three days before the maturity of the last payment, the vendee being unable to pay, he deposited $825 to the credit of the appellants, at the place where the money was payable, to protect his lien; that the appellants, with notice thereof, accepted the money, took a deed from the vendee, and caused it to be recorded, redeemed from the decree, and then sold and conveyed the property to a *bona fide* purchaser for value.

The law would indeed be impotent if it could not afford a remedy in such a case. When the appellants accepted the $825, they knew that it had been paid or deposited by the respondent for the protection of his lien. When they accepted a conveyance from the vendee and redeemed, they knew that the property was subject to an equitable lien in favor of the respondent for the amount deposited, or that in equity he could compel them to convey to him. The full purchase price had been paid. True, the appellants were not parties to the foreclosure suit, and there was no contract liability upon them to pay the judgment; nor was there any contract liability upon them to repay the $825. However, when they conveyed to an innocent purchaser, they conveyed that which in equity either belonged to the respondent or was subject to a lien in his favor for $825. They received as a consideration for the sale and conveyance of the property about $3,500. Upon the plainest principles of equity, $825 of this amount was the property of the respondent, and they became liable to him to that extent. Whether it be treated as an action for money had and received, or as one for an equitable conversion of a security, the result will be the same. When the final payment was made upon the contract and the appellants took a deed from Miss Carothers, they held the title in trust

for the respondent, at least to the extent of his equitable lien for the money he had paid to prevent a forfeiture. The sale of the property to an innocent purchaser prevented the respondent from enforcing his lien, but it does not follow that the appellants, the beneficiaries of the wrong done him, are exempt from liability.

Finally, it is urged that, having applied the identical $825 to a redemption from the claim, the respondent has been paid. This position is not tenable, for the reasons we have stated.

There was no error in the judgment, and it will be affirmed.

RUDKIN, C. J., CHADWICK, FULLERTON, and MORRIS, JJ., concur.