LUKE STANNARD AND OTHERS v. ANNA M. MARBOE.[1]

April 11, 1924.

No. 23,940.

**Vendee's mortgagee included in the word "assigns."**

1. A mortgagee of the vendee in a contract for deed is included in the word "assigns" as used in section 8081, G. S. 1913.

**Record of vendee's mortgage constructive notice to vendor.**

2. The recording of such mortgage is constructive notice to the vendor, and, like actual knowledge, requires the vendor to serve notice of cancelation upon such mortgagee in order to terminate his rights in the interest of the vendee under the contract.

Action in the district court for Chisago county to annul service of notice of cancelation. The case was tried before Searles, J., who made findings and ordered judgment against plaintiffs Bank of St. Croix Falls and Frank Fredeen and in favor of plaintiffs Stannard and Wilbur I. Dibble. From an order denying her motion for

[1]Reported in 198 N. W. 127.

amended findings and conclusions of law or for a new trial, defendant appealed. Affirmed.

*John N. Berg*, for appellant.

*S. Bernhard Wennerberg*, for respondents.

WILSON, C. J.

This is an appeal from the order of the trial court denying defendant's motion for amended conclusions of law or for a new trial. The action seeks to annul the service of a notice to cancel a contract for deed.

The record presents two questions: (1) Is a mortgagee of a vendee in a contract for deed an assignee under section 8081, G. S. 1913? (2) Is the recording of such mortgage notice to the vendor?

1. The statute cited above provides for cancelation of contracts for sale of land upon default by requiring notice to be served upon the purchaser, his personal representatives or assigns, etc. We are here interested in the word "assigns" as used in this statute. This court has heretofore approved the following definition for the word "assignment:" "A transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein." Brown v. Crookston Agric. Assn. 34 Minn. 545, 26 N. W. 907. This court has also said that the word "assigns," but not referring to this statute, was sufficiently broad to include a mortgagee. Such is the general rule. 5 C. J. 1310, 1311; United States v. Commonwealth Title Ins. & Trust Co. 193 U. S. 651, 24 Sup. Ct. 546, 48 L. ed. 830. It is not necessary for us to elaborate upon the legal attributes of a mortgage. Fredeen, as vendee under an executory contract for deed, had an interest in the premises which he could mortgage. Such vendee has an equitable title which is capable of being mortgaged. Niggeler v. Maurin, 34 Minn. 118, 24 N. W. 369; 27 Cyc. 1037, 1038; Shraiberg v. Hanson, 138 Minn. 80, 163 N. W. 1032; Wellington v. St. Paul, M. & M. Ry. Co. 123 Minn. 483, 144 N. W. 222; Scott v. Farnam, 55 Wash. 336, 104 Pac. 639. Under the definition above given, the assignment could relate to any estate or right in the land. It would

not have to cover the whole. We are of the opinion that a mortgagee is included in the word "assigns" as used in this statute, and we think this conclusion is well supported by the authorities. Alden v. Garver, 32 Ill. 32; Scott v. Farnam, 55 Wash. 336, 104 Pac. 639; Sinclair v. Armitage, 12 N. J. Eq. 174; Greensboro Bank v. Clapp, 76 N. C. 482.

2. The appellant claims that the record of an instrument in certain cases is notice only to those who are bound to search for it. Bailey v. Galpin, 40 Minn. 319, 41 N. W. 1054. Here there is no defect that puts this recorded mortgage in an unusual classification. This case does not come within that rule. We think by inference, this court in Hage v. Benner, 111 Minn. 365, 127 N. W. 3, used language consistent with the views that we are now adopting. This mortgage was on record for many months before this notice was served on the vendee. It was constructive notice of the rights of the mortgagee and such rights are too important to treat lightly or to be permitted to be jeopardized as might follow in many ways if we should adopt the views of appellant. Obviously, anyone acquiring title to real estate is charged with notice of the matters of record, and, where a vendor is seeking to enforce a forfeiture because of default, less harm can come from charging him with notice of the matters of record than will follow the opposite conclusion. We adopt the rule that the constructive notice, in such case, is the equivalent of actual knowledge, and either is sufficient to compel the vendor to serve such notice on the vendee's mortgagee or assignee before he can be deprived of his rights in the interest of the vendee in the property.

The failure to serve such notice in this case leaves the Stannard mortgage a lien against the contract and the land, and the contract still subsists as far as his rights are concerned. The mortgagee recorded his mortgage and this was about all he could, in reason, be expected to do in order to advise the fee owner and others of his rights. Having done this, he is entitled to have notice of cancelation served upon him as an assign of the vendee. Davis & Son v. Milligan, 88 Ala. 523, 6 South. 908; Sinclair v. Armitage,

supra; 27 Cyc. 1037; 39 Cyc. 1678, 1679. The recording of the mortgage is notice to the vendor.

While there are other plaintiffs in this action, this appeal presents to us for review only the controversy between Luke Stannard and the appellant.

The order is affirmed.