## NELLIE C. PETERSON v. CHARLES W. SIEBRECHT AND OTHERS.[1]

February 24, 1933.

No. 28,987.

[1]Reported in 247 N. W. 6.

*John A. Nordin,* for appellant Nellie C. Peterson.

*Louis H. Joss* and *William E. MacGregor,* for appellant Edward W. Peterson.

*Howard P. Quealy* and *Daniel F. Foley,* for respondents.

OLSEN, JUSTICE.

Appeal by plaintiff, Nellie C. Peterson, and defendant Edward W. Peterson from a judgment of the district court of Hennepin county.

The action is brought to have defendant Charles W. Siebrecht declared to hold in trust for plaintiff a contract for deed and the equitable title to an apartment building and property in Minneapolis, the legal title to which is held by Investors Syndicate. Defendant Edward W. Peterson by his answer claims that he is the owner of the property, subject to what is owing to the Investors Syndicate and subject to what may be owing to defendant Siebrecht, and seeks an accounting with Siebrecht, and other relief. The case was tried to the court, findings of fact and conclusions of law were made, and judgment was entered adjudging that defendant Charles W. Siebrecht is the owner of the vendee's interest in said contract from the Investors Syndicate; that neither the plaintiff, Nellie C. Peterson, nor the defendant Edward W. Peterson has any right, title, or interest in or lien upon the property in question. There are provisions for an accounting with Edward W. Peterson as to certain rents and money owing by him to Siebrecht, and other provisions not here necessary to state.

On February 23, 1927, the Investors Syndicate, a corporation, was the owner in fee of the property. On that day it sold the property to one Horning on contract for the price of $80,320, upon which

$1,500 was paid, and the balance, with interest, was to be paid in instalments of $750 per month, except one payment of $2,750 on October 10, 1927. On April 11, 1927, Horning and his wife assigned and transferred said contract and their interest in the property to defendant Edward W. Peterson, with the written consent of the Investors Syndicate. In October, 1927, when the $2,750 payment and other payments on the contract were due or about to come due, Peterson was unable to make any payments thereon. He negotiated with defendant Charles W. Siebrecht for a loan to make the necessary payments, and Siebrecht agreed to and did loan to Peterson $3,500 for that purpose. Peterson agreed to assign the contract to Siebrecht as security for the loan. In order to make a valid assignment thereof it was necessary that the Investors Syndicate consent thereto in writing. A three-party written agreement was thereupon entered into, under date of October 31, 1927, wherein Investors Syndicate was the party of the first part, Edward W. Peterson party of the second part, and Charles W. Siebrecht party of the third part. By that agreement Peterson assigned to Siebrecht the contract in question and all his right, title, and interest in the premises. As between Siebrecht and the Investors Syndicate, the agreement provides:

"The party of the third part [Siebrecht] hereby accepts said Assignment and agrees with the party of the first part [Investors Syndicate] to carry out the provisions of said Contract of February 10, 1927, the same as though he were the Vendee named therein."

This agreement to carry out the contract is with the Investors Syndicate and not with Peterson. Presumably they required this agreement for their benefit and before they would consent to the assignment. There is nothing in the assignment relieving Peterson from liability or imposing any liability on Siebrecht in favor of Peterson. Siebrecht does not assume any obligation of Peterson.

■ On June 1, 1928, there existed defaults in the payment of instalments, insurance, and taxes due on the contract to the extent of about $2,400. The Investors Syndicate thereupon elected to cancel the contract and duly served upon all the parties the statutory

notice of cancelation thereof, to take effect 30 days after such service if payment were not made within said time. The time to make payment expired on July 5, 1928. No payment or redemption was made, and the Investors Syndicate became reinvested with the full title and ownership of the property. Thereafter, on July 24, 1928, the Investors Syndicate entered into a contract with defendant Charles W. Siebrecht to sell and convey the property to him for the price of $78,233, of which Siebrecht paid the sum of $6,633 in cash and agreed to pay the balance of $71,600, with interest, in monthly instalments varying from $358 to $600, and to pay taxes and insurance on the property until fully paid for. This contract remains in force and effect, and Siebrecht is in possession of the property, by his tenants, under this contract. The price so agreed upon was substantially the amount unpaid on the original contract at the time it was canceled.

The trial court, in substance, found the facts as we have stated them. It further found that the contract to Horning of February 10, 1927, was duly and legally canceled by the notice of June 1, 1928, hereinbefore mentioned, and that thereby all the right, title, interest, and lien of the plaintiff, Nellie C. Peterson, and of the defendants Edward W. Peterson and Charles W. Siebrecht, in and to said property, were divested, and the Investors Syndicate became the owner and entitled to the possession, and entered into possession thereof. The court further found that on July 24, 1928, the Investors Syndicate, by written contract for deed, sold and agreed to convey the property to Siebrecht, as hereinbefore stated; that he thereupon went into possession of the property and is the owner and in possession, as vendee in the contract of July 24, 1928, from Investors Syndicate. The court further found that in negotiating for and purchasing the property from the Investors Syndicate on July 24, 1928, Siebrecht acted solely for and in his own behalf, and purchased same for his own use and benefit with his own funds, and that no part of the purchase price thereof was paid by defendant Edward W. Peterson; that there was no agreement or understanding between Siebrecht and Peterson that the property was be-

ing purchased in Siebrecht's name for the use of Peterson, nor that Peterson was to have any right, title, interest in, or lien upon the property; that neither plaintiff, Nellie C. Peterson, nor defendant Edward W. Peterson became or was entitled to any right, title, interest in, or lien upon the property whatever. There are other findings relating to some rents collected by Peterson and money owing by him to Siebrecht, not here necessary to consider.

If the findings we have set out are sustained by the evidence, then the conclusions of law arrived at by the court, that neither of the appellants has any right, title, interest in, or lien upon the property, and neither of them is entitled to any relief in this action, necessarily follow.

As to Edward W. Peterson, his claim, in substance, is that there were confidential relations between him and Siebrecht; that there was an agreement and understanding between them and the Investors Syndicate that Siebrecht and Peterson should default in payments under the original contract so that it might be canceled, and that after such cancelation a new contract should be made for the benefit of Peterson. There is a claim of fraud on the part of Siebrecht and Investors Syndicate in making such alleged agreement and failing to carry it out.

These claims are denied and at most raise only questions of fact. The evidence sustains the refusal of the court, on the motions for amended findings, to find these claims established.

■ As to plaintiff, Nellie C. Peterson, her claim to relief must depend on whether Edward W. Peterson had any interest in this property after the cancelation of the original contract. As the court on sufficient evidence has found that he had no right, title, or interest in the property after that time, her action fails. Her claim is based on a judgment in her divorce action against Edward W. Peterson for alimony in a large sum, entered on July 13, 1927, which judgment was made a specific lien upon the interest of Edward W. Peterson in this property. Her lien was necessarily subject to the title and rights of the Investors Syndicate. When Edward W. Peterson's interest in the property was divested by the

cancelation of the contract, her lien terminated. Paschke v. C. W. Adams Lbr. Co. 169 Minn. 445, 211 N. W. 827.

The evidence sustains the decisive findings of fact of the trial court, and the findings sustain the conclusions of law.

Each of the appellants made a motion for amended findings of fact and conclusions of law. The court granted two slight amendments of findings of fact, not here material, and denied all others, as well as the motions for a new trial. The court did not err in so doing.

The judgment is affirmed.

