## GEORGE H. GUIDER AND ANOTHER v. MAYCO INC. AND OTHERS.

252 N. W. 2d 601.

April 8, 1977—No. 46480.

*Fred Albert*, for appellants.

*J. B. Wolfson, Frauenshuh & Fahlberg* and *Ronald R. Frauen-shuh*, for respondents Bernice and Benedict Peltz.

Heard before Todd, MacLaughlin, and Stahler, JJ., and considered and decided by the court en banc.

MacLAUGHLIN, JUSTICE.

This is an appeal from a judgment of the district court in an action to determine adverse claims to certain real property. Plaintiffs commenced this action to extinguish the interests of approximately 23 defendants who had purchased and recorded mortgagees' interests in certain real property. The trial court determined that the summons and complaint served by plaintiffs on these defendants were inadequate to give proper notice of a termination of their interests. Because we believe the evidence clearly supports the determination of the trial court, we affirm.

Plaintiffs George and Mavis Guider are the fee owners of a parcel of property located in Anoka County. By means of a contract for deed dated May 11, 1971, the Guiders sold the property to defendant Mayco Inc. (Mayco). The property was thereafter platted into 20 lots and designated "Brywood Acres."

Subsequent to the platting Mayco gave mortgages on the individual lots to Minnesota Contract Corporation (MCC). MCC subsequently assigned its mortgagee's interest in the lots to various individuals and corporations who paid substantial sums to MCC for these interests. The assignments were made without the knowledge of the Guiders.

By June of 1973, Mayco was delinquent on three payments due to the Guiders under the contract for deed. Pursuant to Minn. St. 1974, § 559.21,[1] the Guiders served notices of cancellation on Mayco on June 7, 1973, and on MCC on June 19, 1973. The other mortgagees, as assignees of MCC, were not served with notices of cancellation, although the assignments were of record in the Anoka County office of the Register of Deeds. Neither Mayco nor MCC acted within the 30-day limit of Minn. St. 1974, § 559.21, to correct the defaults in the contract for deed.

---

[1] Minn. St. 1974, § 559.21, provided in relevant part: "When default is made in the conditions of any contract for the conveyance of real estate or any interest therein, whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser, his personal representatives or assigns, either within or without the state, a notice specifying the conditions in which default has been made, and stating that such contract will terminate 30 days after the service of such notice unless prior thereto the purchaser shall comply with such conditions and pay the costs of service, together with an amount to apply on attorneys' fees actually expended or incurred, of $50 when the amount in default is less than $500, and of $100 when the amount in default is $500 or more; * * *

\* \* \* \* \*

"If, within the time mentioned, the person served complies with such conditions and pays the costs of service and attorneys' fees as provided herein, the contract shall be thereby reinstated; but otherwise shall terminate."

The Guiders brought suit in August of 1973, seeking an order to show cause why Mayco and MCC should not be restrained from continuing construction on the Guiders' property despite the notices of cancellation. The original summons and complaint named as defendants only Mayco, MCC, and an excavating company which possessed a mechanics lien on the property.

On October 12, 1973, the Guiders sought and received an order of the court joining all of the other mortgagees as defendants. In November 1973, the assignee-mortgagees were served with an amended summons and complaint naming them as defendants. The complaint referred to the "attached * * * Exhibit A," a copy of the contract for deed, and the "attached * * * Exhibit B," a copy of a document from the Anoka Abstract Company setting forth the names and interests of the defendants in the property. In fact, however, neither Exhibit A nor Exhibit B was actually attached or served upon these defendants. Instead, attached to the complaint was an instrument entitled "Cancellation of Contract for Deed, Notice and Affidavits" which named Mayco and "its assignees" but did not name the individual mortgagees.[2]

None of the defendants responded within either the 20-day limit of the summons or the 30-day limit of the attached purported notice of cancellation. Five answers in all were eventually filed, while attorneys representing 15 defendants appeared at trial.

Trial was to the court, and the trial court found that while

---

[2] The complaint also contained the following language concerning Exhibit A: "That the Contract for Deed, Exhibit A, has been duly cancelled by service of a Notice of Cancellation on the Defendants, Mayco, Inc., and Minnesota Contract Corporation, on June 7, 1973, and June 19, 1973, respectively, and that said Defendants have failed and neglected to correct the defaults therein stated and the affidavit of failure to comply has been duly filed of record in the office of the Register of Deeds in Anoka County on August 8, 1973."

Of course, the interests of the remaining assignee-mortgagees had not been cancelled since they were never served with the notice.

the interests of Mayco and MCC in the Guiders' property had been cancelled, the interests of the remaining mortgagees survived because the notice contained in the complaint and in the attached notice of cancellation was inadequate. The Guiders moved for amended findings or a new trial, but the district court denied the motion and dismissed the complaint. This appeal followed.

The only question for our decision is whether the trial court correctly found that the interests of the mortgagees, other than MCC, in the Guiders' property had not been extinguished. There is no question that the requirement of notice of cancellation under Minn. St. 1974, § 559.21, extends to mortgagees of record, whether or not the vendor has actual knowledge of the mortgage. Stannard v. Marboe, 159 Minn. 119, 198 N. W. 127 (1924). In Stannard we observed:

"* * * Obviously, anyone acquiring title to real estate is charged with notice of the matters of record, and, where a vendor is seeking to enforce a forfeiture because of default, less harm can come from charging him with notice of the matters of record than will follow the opposite conclusion. We adopt the rule that the constructive notice, in such case, is the equivalent of actual knowledge, and either is sufficient to compel the vendor to serve such notice on the vendee's mortgagee or assignee before he can be deprived of his rights in the interest of the vendee in the property." 159 Minn. 121, 198 N. W. 127.

Notice of cancellation under the statute is not, of course, the sole and exclusive vendor's remedy upon default by the vendee. See, Miller v. Snedeker, 257 Minn. 204, 101 N. W. 2d 213 (1960); Boulevard Plaza Corp. v. Campbell, 254 Minn. 123, 94 N. W. 2d 273 (1959).[3] It is clear, however, that whatever course is fol-

---

[3] In Boulevard Plaza Corp. v. Campbell, 254 Minn. 123, 133, 94 N. W. 2d 273, 282 (1959), we stated as follows: "* * * [Minn. St. 559.21] is cumulative and not exclusive to the extent of ruling out the vendor's right of action against a defaulting vendee for specific performance on

lowed to extinguish an interest in real property, there must be sufficient notice to affected parties so that they are adequately informed of the attempt to terminate their interests.

In the instant case the assignee-mortgagee defendants point to the following deficiencies in the documents served upon them which they argue, taken together, make the attempt to terminate their interests insufficient:

(1) The complaint stated that the contract for deed had been "duly cancelled" when, in fact, any interest held by these defendants had not been cancelled.

(2) The complaint described the property by metes and bounds which was not meaningful to these defendants since the property had been platted at the time they acquired their interests.

(3) The complaint referred to attached Exhibits A and B but neither exhibit was actually attached to the summons and complaint served upon these defendants.

(4) The notice of cancellation which was attached to the complaint was served with a summons. This could not help but result in confusion since the summons indicated 20 days for an answer while the cancellation notice indicated 30 days.

(5) The notice of cancellation is directed only to "Mayco * * * and its assignees" and does not mention any of these defendants or their interests by name.

The trial court found that the confusion resulting from these deficiencies made the notice inadequate and noted that "[i]f the adequacy of the notice of cancellation is questionable, the Court will not find a forfeiture of the defendants equity of redemption."

We agree that the action commenced by the Guiders and the attached notice of cancellation were not sufficient to put the assignee-mortgagee defendants on notice that the Guiders were attempting to terminate their interests in the land. In failing to

the one hand, or on the other, for a judicial determination of the contract."

attach a copy of the register of the Anoka Abstract Company pertaining to Brywood Acres, noted as Exhibit B in the complaint, the Guiders effectively failed to inform these defendants of the specific interests to be terminated. Since these defendants are not named in the notice of cancellation itself, and since their individual lots are not described in any of the documents, the only specific mention of them by name is in the caption of the amended summons and complaint. The confusing aspects of the documents served on them, coupled with the likelihood that these defendants would have responded if they had understood their considerable investments were at risk of being lost, make reasonable the district court's conclusion that there was inadequate notice to terminate their interests.

The Guiders argue that the individual mortgagee's interests, based as they are upon assignment from MCC, are terminated since MCC's interest has been cancelled through proper service of the notice of cancellation upon it. This contention, however, is not correct. As assignees of MCC, these defendants are entitled to all the rights possessed by MCC including notice of cancellation in the event of default. This right followed the equitable interest as far as it extended, provided that each transfer of interest was a matter of record to put the Guiders on constructive notice. As assignees, the individual mortgagees were therefore entitled to proper notice of cancellation or a proper judicial action commenced to terminate their interests.

It is clear that while Mayco and MCC no longer have an interest in the real property, the other defendants continue to have an interest. The Guiders can, of course, take appropriate action to terminate those interests. For the present, however, we hold that there is sufficient evidence to support the findings and conclusions of the trial court.

Affirmed.