407 N.W.2d 706 (1987)
GILBERT BUILDERS, INC., Appellant,
v.
COMMUNITY BANK OF DEPERE, Respondent,
Brownstone Partnership, et al., Defendants,
Ryan Air Conditioning, Inc., Metroquip, Inc., Electric Service Company of Minneapolis, Inc., Hayes Contractors, Inc., Daryl Burnham, Acoustical Floors, Inc., Appellants,
Victor Carlson & Sons, Inc., Defendant,
Warren Swanson, d/b/a Swanson Brothers Drywall, Appellant.
No. C4-86-1830.
Court of Appeals of Minnesota.
June 16, 1987.
Review Denied August 19, 1987.
*707 Peter C. Halls, Hart, Bruner, O'Brien & Thornton, P.A., Minneapolis, for Gilbert Builders, Inc.
Stephen J. Guy, Bernet & Guy, St. Paul, for Community Bank of DePere.
Craig M. Mertz, Minneapolis, for Ryan Air Conditioning, Inc.
Peter J. Timmons, Moss & Barnett, Minneapolis, for Metroquip, Inc.
Leland J. Frankman, Minneapolis, for Electric Service Co.
R. Jeffrey McLeod, R. Jeffrey McLeod, P.A., Golden Valley, for Hayes Contractors, Inc.
Malcolm MacGregor, Smith, Persian, MacGregor & Thompson, Minneapolis, for Acoustical Floors, Inc.
Michael T. Hoekstra, Wayzata, for Swanson.
John M. Koneck, Fredrikson & Byron, Minneapolis, representing Gordon Millwork Co.
Heard, considered and decided by PARKER, P.J., and SEDGWICK and LANSING, JJ.

OPINION
LANSING, Judge.
Plaintiffs, who have mechanics' liens against the property located at 1628 Elliott Avenue in Minneapolis, brought an action to foreclose the liens. They moved for a summary judgment determining that the bank's mortgage, which extended only to the vendee's interest, was extinguished when the bank purchased the property from the contract vendor and cancelled the vendee's interest. The trial court denied the lien claimants' motion and entered summary judgment for the bank, holding that the bank's mortgage was not extinguished and was superior to the mechanics' liens. The lien claimants appeal. We reverse and remand.

FACTS
On January 9, 1982, Brownstone Partnership purchased the Elliott Avenue property from Stephen Blumberg on a contract for deed in the amount of $106,000 and assumed *708 a $44,000 mortgage. The contract for deed provided for a balloon payment on January 9, 1983. On July 2, 1982, Brownstone mortgaged its vendee's interest in the property to the Community Bank of DePere as security for a $250,000 loan.
Brownstone entered into a construction contract with Gilbert Builders to renovate the large brownstone structure located on the property. Gilbert, its suppliers and subcontractors furnished materials and labor amounting to over $490,000, but received payment for only $130,942. They filed mechanics' liens on the property for the remaining amount.
Brownstone failed to make its January 9, 1983, balloon payment and the bank was notified of Brownstone's default on March 23, 1983. On April 22, 1983, the bank paid the contract for deed balance to Blumberg in exchange for a warranty deed and an assignment of his vendor's interest.
The bank served notice of cancellation of the contract for deed on Brownstone, Gilbert and all subcontractors who had filed mechanics' liens after June 1983. The bank completed the cancellation of the contract in accordance with Minnesota law. The bank did not foreclose the mortgage; instead, it sued Brownstone and its two general partners, Shirley Martinek-Maun and S. Kris Bandel, on the note underlying the mortgage. The full amount of the mortgage note, all interest and attorney's fees against Brownstone and Martinek-Maun were reduced to judgment.
Instead of entering judgment against Bandel, the bank, on December 16, 1983, sold the property on a contract for deed to Bandel individually and to Sancher Elliot, a Minnesota general partnership formed by Bandel. The contract was in the amount of $869,945: $50,000 payable upon execution of the contract, $519,545 payable by express assumption of the accumulated lien obligations, and the remaining $300,000 financed at 16 percent.
On July 11, 1983, the lien claimants brought this foreclosure action. In response to motions for summary judgment, the trial court entered judgment for the bank, holding that its mortgage on the vendee's interest in the contract for deed was not extinguished by the cancellation of the contract and the mortgage was superior to the mechanics' liens. The lien claimants appeal.

ISSUE
Is a mortgage on a contract vendee's equitable title extinguished when the mortgagee acquires the vendor's rights and cancels the contract for deed?

ANALYSIS
It is long-standing law in Minnesota that once statutory notice has been served and cancellation effected, all rights between the parties under a contract for deed are terminated. Gatz v. Frank M. Langenfeld & Sons Construction, Inc., 356 N.W.2d 716, 718 (Minn.Ct.App.1984) (citing Zirinsky v. Sheehan, 413 F.2d 481, 484 (8th Cir.1969), cert. denied, 369 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753 (1970); West v. Walker, 181 Minn. 169, 171, 231 N.W. 826, 827 (1930); Olson v. Northern Pacific Railway Co., 126 Minn. 229, 230-31, 148 N.W. 67, 68 (1914)). Although the issue in the present case is not between the parties to the original contract, the basic principles underlying installment land contracts are still applicable.
Under a contract for deed for the purchase of real estate, the vendee is the equitable owner of the property, but the vendor retains legal title as security for the purchase price of the property. The vendee's equitable interest  in this case Brownstone's interest under the contract from Blumberg  is mortgageable. See Stannard v. Marboe, 159 Minn. 119, 120, 198 N.W. 127 (1924) (vendee has equitable title capable of being mortgaged); see also G. Nelson and D. Whitman, Real Estate Finance Law § 3.35, at 127 (2d ed. 1985). The mortgagee does not have a lien on the real property, but the mortgage extends *709 only to the equitable interest held by the mortgagor. See Rosendahl v. Mudbaden Sulphur Springs Co., 144 Minn. 361, 362-63, 175 N.W. 609 (1919). The mortgage is enforceable only so long as the contract for deed is kept in force.
A mortgage lien on a vendee's interest is extinguished with the cancellation of the contract for deed. Peterson v. Siebrecht, 188 Minn. 272, 276-77, 247 N.W. 6, 7 (1933); Farmers' & Merchant's State Bank of Thief River Falls v. Stageberg, 161 Minn. 413, 415, 201 N.W. 612, 613 (1925); see also Schrunk v. Andres, 221 Minn. 465, 22 N.W.2d 548 (1946) (cancellation of a contract for deed extinguishes a lease on the vendee's interest); Vista Management, Ltd. v. Cooper, 81 Or.App. 660, 726 P.2d 974 (1986) (when vendee's equitable interest in property is extinguished, so is mortgagee's interest); Estate of Brewer v. Iota Delta Chapter, 298 Or. 383, 692 P.2d 597 (1984) (abandonment of vendee's interest in land sale contract extinguishes equitable mortgagee's interest); Wiscombe v. Lockhart Co., 608 P.2d 236 (Utah 1980); Sheehan v. McKinstry, 105 Or. 473, 210 P. 167 (1922).
In Stageberg the court held that the lien of a judgment creditor, in the absence of estoppel or controlling equity, does not attach to the naked legal title of which the judgment debtor has no beneficial interest. When the vendee's interest in property is divested by the cancellation of the contract, the lien terminates as well. Stageberg, 161 Minn. at 415, 201 N.W. at 612-13.
Similarly, the court in Siebrecht held that when a vendee's interest in real property under a contract for deed is cancelled by statutory notice for default in payment, a judgment creditor of the vendee, whose judgment is a lien upon the vendee's equitable interest, loses his lien upon the cancellation of the contract by the vendor. Siebrecht, 188 Minn., at 276-77, 247 N.W. at 7 (citing Paschke v. C.W. Adams Lumber Co., 169 Minn. 445, 211 N.W. 827 (1927)).
The bank, relying on Borgerding Investment Company v. Larson, 284 Minn. 371, 170 N.W.2d 322 (1969), argues that when a mortgagee of the vendee's interest acts to protect its security interest by acquiring the rights of the contract vendor, the mortgage is not eliminated by a subsequent cancellation of the contract for deed.
Because a vendee's mortgageable interest under a contract for deed is extremely risky unless the mortgagee has some way to protect his interest against the vendor's declaration of forfeiture, many jurisdictions, including Minnesota, have recognized a right of the mortgagee of a vendee's interest both to notification of intent to forfeit and an opportunity to protect the mortgage. See Minn.Stat. § 559.21 (1984); Stannard, 159 Minn., at 121, 198 N.W. at 127-28; see also, e.g., Lockhart v. B.F.K., Ltd., 107 Idaho 633, 691 P.2d 1248 (App.1984); Credit Finance, Inc. v. Bateman, 135 Ariz. 268, 660 P.2d 869 (App. 1983); Fincher v. Miles Homes of Mo., Inc., 549 S.W.2d 848 (Mo.1977). Notification permits the mortgagee to protect its rights by fulfilling the obligations of the vendee under the contract. See Recent Developments, 45 Wash.L.Rev. 645, 646 (1970). By paying off the defaulted contract and getting an assignment of the vendor's rights under the contract for deed, the mortgagee-assignee would have all the rights of the vendor under the contract. See Recent Cases, 43 Mo.L.Rev., 371, 376-77 (1978). The mortgagee could then invoke the forfeiture rights under the contract for deed. See G. Nelson & D. Whitman, Real Estate Finance Law, § 3.35 at 129.
Invoking the forfeiture rights by cancelling the contract will, however, cancel the mortgage. It would not make a difference whether it was the original vendor that initiated the cancellation or whether it was the mortgagee-assignee who cancelled the contract. The result would be the same. Since the security for the mortgage is the vendee's equitable interest in the contract for deed, a cancellation of the contract also terminates the mortgagee's lien.
The bank asserts that under Borgerding its rights in the mortgage to the original *710 contract-for-deed vendee are protected. We find Borgerding inapposite. Significantly, the contract for deed in Borgerding was never effectively cancelled because notice of cancellation of the contract for deed was not served upon the mortgagee. Additionally, the rights which are asserted in Borgerding are redemption rights of a party to the original contract. Borgerding, 284 Minn. at 378, 170 N.W.2d at 326. Redemption rights are not at issue here, and the bank had actual notice of cancellation because it initiated the cancellation itself. The contract was properly cancelled. For these reasons, Borgerding does not require a different result.
We find no authority for permitting a mortgagee to assume the contract vendor's interest and proceed to eliminate the vendee's interest without accepting the consequences of this election. In this case the bank had initially accepted a vendee's mortgage as security, presumably knowing the limitation of that security. The bank acted to preserve its mortgage by purchasing the vendor's interest. At that point the bank could have foreclosed its mortgage. However, it elected to reduce the mortgage note to judgment, cancel the contract for deed, and resell the property. It cannot now use the initial mortgage as a shield against the mechanics' lien claimants, whose liens extend to the vendor's interest as well as the vendee's. Minn.Stat. § 514.06 (1984).

DECISION
The Community Bank of DePere's cancellation of a contract for deed terminated the vendee's equitable title to the property and, by eliminating the security for the mortgage, extinguished the mortgage as well.
Reversed and remanded for entry of partial summary judgment for lien claimants.